66 So.2d 62 (1953)
JAMES
v.
GULF LIFE INS. CO.
Supreme Court of Florida, Special Division B.
July 7, 1953.
Coe & Coe, Pensacola, for appellant.
Philip D. Beall, Pensacola, and Wm. H. Jeter and Loftin & Wahl, Jacksonville, for appellee.
MATHEWS, Justice.
This is an appeal from a final judgment resulting from the construction of certain terms of an insurance policy.
An isolated sentence of the policy should not be construed alone, but it should be construed in connection with other provisions of the policy in order to arrive at a reasonable construction to accomplish the intent and purpose of the parties.
The policy provided for various disability benefits, such as, for sickness and accidents, and in addition thereto, a death benefit or "life insurance." The policy required a premium of twenty-five cents on Monday of each week, and provided "twenty (20) per cent. of which premium is for life insurance, and eighty (80) per cent. of which is for insurance against disability from sickness or accident, * * *." (Emphasis supplied.)
The policy contained the following provision:
"10% interest on all premiums paid will be added to the death benefit annually, during the life of this policy."
There was no question of fact involved. The policy was in full force and effect at the time of the death of the insured and she had kept the premiums paid on said policy for a period of 34 years.
The appellant claimed that in addition to the life insurance or death benefit of $45, named in the policy, the clause above quoted required the insurance company to add to the $45 at the end of each year ten per *63 cent of all of the premiums previously paid. To state this contention in another way, it was claimed that this clause meant that at the end of the first year there should be added $1.30; the second year, $2.60; the third year, $3.90; the fourth year, $5.20; and so on, for a period of 34 years, so that, by this method of calculation and addition, at the end of 34 years there would be added the sum of $748.80 in addition to the sum of $45 as a death benefit.
The insurance company claimed that under the above-quoted provision of the policy ten per cent of the premiums paid at the end of each year should be added annually to the death benefit; in other words, that every year during the life of the policy ten per cent of $13 or $1.30 should be added as a death benefit, and in this case the death benefit would be $45 plus 34 x $1.30, or a total of $89.20. The Court below construed the policy as contended for by the insurance company and this appeal is from a final judgment based upon such construction.
The word "annually" appearing in the clause of the insurance policy in question refers to the time of the addition and to the premiums paid for that year and that year alone.
The construction contended for by the appellant is unreasonable, absurd and would lead to results never intended or contemplated by the parties. In 17 C.J.S. in the article on Contracts, § 319, pages 739, 740 and 741, it is stated:
"The words of a contract will be given a reasonable construction, where that is possible, rather than an unreasonable one, and the court will likewise endeavor to give a construction most equitable to the parties, and one which will not give one of them an unfair or unreasonable advantage over the other. So that interpretation which evolves the more reasonable and probable contract should be adopted, and a construction leading to an absurd result should be avoided. * * *"
In 12 Am.Jur. in the article on Contracts, Sec. 250, pages 791, 792 and 793, it is stated:
"Agreements must receive a reasonable interpretation, according to the intention of the parties at the time of executing them, if that intention can be ascertained from their language. In the transactions of business life, sanity of end and aim is at least a presumption, though a rebuttable one. A reasonable interpretation will be preferred to one which is unreasonable. When the evidence of the agreement furnished by the contract itself is not plain and unmistakable but is open to more than one interpretation, the reasonable ness of one meaning as compared with the other and the probability that men in the circumstances of the parties would enter into one agreement or the other are competent for consideration on the question as to what the agreement was which the written contract establishes. Where the language of an agreement is contradictory, obscure, or ambiguous, or where its meaning is doubtful, so that it is susceptible of two constructions, one of which makes it fair, customary, and such as prudent men would naturally execute, while the other makes it inequitable, unusual, or such as reasonable men would not be likely to enter into, the interpretation which makes a rational and probable agreement must be preferred. The interpretation of any instrument ought to be broad enough to allow it to operate fairly and justly under all the conditions to which it may apply. A court will not place an unjust interpretation upon a contract, unless the terms thereof compel it to do so. An agreement will not be interpreted so as to render it oppressive or inequitable as to either party or so as to place one of the parties at the mercy of the other, unless it is clear that such was their intention at the time the agreement was made. An interpretation which is just to both parties will be preferred to one which is unjust. Every intendment is to be made against the interpretation of a contract under which it would operate as a snare. The inconvenience, hardship, or absurdity of one interpretation of a contract or its contradiction *64 of the general purpose of the contract is weighty evidence that such meaning was not intended when the language is open to an interpretation which is neither absurd nor frivolous and is in agreement with the general purpose of the parties."
The clause of the insurance policy in dispute has reference to the life insurance or death benefit. The clause could very well be construed to be that premiums paid had reference only to the death benefit or the "life insurance," except that such a construction would be unreasonable, absurd and produce results never intended or contemplated by the parties, to a greater degree than the construction contended for by the appellant. The absurdity of such a construction is obvious when we consider that only 5 cents per week, or $2.60 per annum, was paid for the "life insurance" or the death benefit. 10% of these premiums for the year would be only 26 cents to be added annually.
The language of the clause in question is clear and the construction applied to it by the Circuit Judge is the only reasonable construction which could have been applied to effectuate the purpose and intent of the parties.
Affirmed.
SEBRING, Acting Chief Justice, and HOBSON and BUFORD, JJ., concur.