WALDEN, Chief Judge.
This is an interlocutory appeal brought by defendant, Euel E. White, from an order granting a motion for summary judgment in favor of plaintiff, Harmon Glass Service of Florida, Inc. We affirm in part and reverse in part.
Plaintiff, by written contract, purchased the business and good will of the defendant, Euel E. White, d/b/a Service Auto Glass, Inc. They specifically covenanted:
“3. COVENANT NOT TO COMPETE. White hereby agrees that from and after closing he will not, unless acting as an officer or employee of Harmon, or with Harmon’s written consent directly or indirectly own, manage, operate, join control or participate in, or be connected as an officer, employee, partner or otherwise with, any business under any name similar to the Service name, and that for a period of three (3) years after closing er after teraiiftafie» ef employment as a» employee ef Harmonj he will not in any such manner directly or indirectly compete with or become interested in any competitor of Harmon within a 20 mile radius of Orlando, Florida,” (Emphasis supplied.)
Thereafter defendant, Euel E. White, became an employee of Holcomb Glass Company and supervised that company’s services and solicited customers for it within and without a 20 mile radius of Orlando, Florida. These facts are undisputed.
The dispositive appellate question is:
Whether or not the employment of the defendant by Holcomb Glass Company violates the provisions of a covenant not to compete under any name similar to Service Auto Glass, Inc. as a matter of law.
The trial court, prior to defendant’s answer being filed, granted summary judgment to plaintiff reserving only the issue of damages for future determination. Defendant’s motion for summary judgment was denied.
.Inherent in the order granting summary judgment was a finding that the covenant not to compete was legally sufficient and that defendant Euel White breached it by becoming employed, as he did, with Holcomb Glass Co. This is correct and we affirm that determination. Looking at the covenant, the first clause is general, prohibiting defendant White from ever becoming interested in a business having a name similar to the “Service” name. The last clause would be meaningless if it only said, as defendant argues, that he should not be interested in a business having a name similar to the “Service” name (“in any such manner”) for 3 years within 20 miles, since that eventuality is encompassed and prohibited by the first clause in the covenant. The second portion of the paragraph is clearly meant to1 be more restrictive than the first. The more restrictive notion is conveyed by the phrase, “in any such manner directly or indirectly compete with or become interested in any competitor of Harmon . . . . ” The phrase “in any such manner” is ambiguous but could *601 not practically refer only to working for a business with the same service name, because the second clause would not then be more restrictive. White was covenanting not to be concerned with any competitor (regardless of name) within 20 miles, for three years. This is the only reasonable interpretation to be given the contract. See Paddock v. Bay Concrete Industries, Inc., 154 So.2d 313 (2d DCA Fla.1963); 7 Fla.Jur. Contracts §§ 73, 74, 84 (1956).
It is our further view that, with the only pleading before the court being the plaintiff’s complaint, the appealed order was overbroad in the sense that it reserved only the issue of damages. Why? Because at this early stage in the proceeding it is possible that the defendant may create additional issues, other than as here decided, by affirmative defense (indeed defendant asserted in his appearance before us that he had viable affirmative defenses).
We notice from Rule 1.510(a), F.R.C.P., that a party may move for summary judgment for all or any part of his claim. To like effect is the provision in Rule 1.-510(d), F.R.C.P., which indicates that a case may be partially adjudicated under this procedure. And so it is our holding as a matter of law that the covenant not to compete above set forth is a legal and enforceable one and that defendant’s employment by Holcomb Glass Company is viola-tive of that covenant and summary judgment as to that proposition is approved.
Repeating, we leave undecided such other issues as may be drawn in the defendant’s answer and the issue as to damages and possible entry of a restraining order as also prayed. The appealed order is affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
Affirmed in part; reversed in part; and remanded.
CROSS, J., concurs. ■
MAGER, J., dissents, with opinion.