COBB, Judge.
On September 8,1972, Rooks entered into a contract to sell certain real property to Lobo Golf Corporation. The sale price was part cash and part stock of Lobo Golf Corporation. The contract contained the following special clause:
(d) Seller shall have the option to require Buyer to repurchase all of such shares during a six (6) month period beginning two years after closing of this purchase, at Ten Dollars ($10.00) per share. In the event Buyer is unwilling or unable to repurchase such shares, Seller shall have the right to sell such shares to Charles A. Shader, Joseph Redoutey and John G. Pierce, and such persons have executed this Schedule B to guaranty to Seller this option to repurchase. Buyer shall have the option to repurchase the shares of its Common Stock being issued to Seller under the terms of this agreement at Ten Dollars ($10.00) per share for a two (2) year period beginning on the date of closing.
Shader, Redoutey, and Pierce signed the contract as guarantors.
On September 30, 1975, Rooks filed a one-count complaint against the appellees, alleging that they had refused to comply with the stock repurchase guaranty. Over the next four years, Rooks filed several amended complaints that the trial court kept dismissing with leave to amend. Each time that Rooks filed a further amended complaint, he added more counts. Finally, on March 16, 1979, the trial court dismissed the fourth amended complaint, which had grown to eight counts, with prejudice. Rooks appealed.
A trial court’s conclusion to permit or refuse amendment to pleadings will not be disturbed on appeal in the absence of abuse of discretion. Versen v. Versen, 347 So.2d 1047 (Fla. 4th DCA 1977); Triax, Inc. v. City of Treasure Island, 208 So.2d 669 (Fla. 2d DCA 1968). Counts II through VIII of the fourth amended complaint are repetitious, conclusory, confusing, and three are barred, in whole or in part, by Section 517.359, Florida Statutes. In light of the record as a whole, we do not think that the trial court abused its discretion in dismissing these counts with prejudice.
However, the trial court did err in dismissing Count I. Appellees attacked that count on the basis that the appellees were only conditional guarantors who could not be sued until Rooks had sued and gotten a judgment against Lobo Golf Corporation. Appellees relied upon Scott v. City of Tampa, 30 So.2d 300 (Fla.1947).
*683 A contract of guaranty may be absolute or it may be conditional. An absolute guaranty is a contract by which the creditor is promised that if the debtor does not perform his obligations, the guarantor will perform. An absolute guarantor becomes liable immediately upon default by the debtor. 30 Fla.Jur. Suretyship & Guaranty § 34 (1974); 38 Am.Jur.2d Guaranty § 21 (1968). A conditional guaranty contemplates as a condition of liability on the part of the guarantor, the happening of some contingent event other than the default by the principal debtor. The obligation of the guarantor will not be enforced unless the specified event has occurred. The usual conditional guaranty provides that no liability will be incurred by the guarantor until the creditor has used due diligence to attempt to collect the debt from the principal debtor. 30 Fla.Jur.Sure-tyship & Guaranty § 34 (1974); 38 Am. Jur.2d Guaranty § 21 (1968).
In the Scott case, the contract contained the language that the guarantor would not be liable until the creditor had “failed to collect the same by suit” against the principal debtor. This made the guaranty in the Scott case a conditional guaranty. In the contract involved in the case at hand, the pertinent language is that the appellant shall have the right to sell the stock to the appellees “in the event [Lobo] is unwilling or unable to repurchase” the stock. This is an absolute guaranty.
Therefore, we reverse that portion of the trial court's order dismissing Count I.
AFFIRMED in part; REVERSED in part.
DAUKSCH, C. J., and SHARP, J., concur.