491 So.2d 612 (1986)
HOME SAVINGS OF AMERICA, F.A., Appellant,
v.
Virginia K. ROEHNER, Appellee.
No. 85-2669.
District Court of Appeal of Florida, Fourth District.
July 23, 1986.
Rehearing Denied August 12, 1986.
*613 Michael L. Rosen and Jeffrey Allan Hirsch of Holland & Knight, Fort Lauderdale, for appellant.
Richard K. Fink of Fink and Golden, P.A., Miami, for appellee.
LETTS, Judge.
This appeal involves a buyer's attempt to assume an existing institutional mortgage on real estate, at the same eight and three-quarters percent rate of interest furnished to the original borrower, despite a due-on-sale clause in the mortgage. After a protracted letter writing war, the buyer and the lender agreed on a settlement calling for an increased interest rate of ten percent per annum, and payment of all arrearages of accrued interest, principal and escrow plus several other minor items. Thereafter, the parties fell out over the terms of the settlement agreement and went to court. The resulting trial judge's ruling provided that all of the $11,445.86 paid by the borrower to bring about the above be credited solely to principal. The ruling further commanded that only eight and three-quarters percent interest be charged on the note. We reverse on both issues.
There is no need for an enlarged recitation of all the facts. This is largely a mathematical dispute about which appellate discourse will add little to the body of the law. Suffice it to say that the buyer's contention involves a letter of settlement which provided for all arrearage payments to be made. The letter spoke to the question of accrued interest and escrow for taxes and insurance, but included one paragraph which the borrower maintains called for the entire arrearages payment to be credited to principal. The buyer avers this single paragraph is controlling.
Accepting the borrower's contention as to this paragraph,[1] in our view the letter agreement is at best merely ambiguous, thus permitting the intent of the parties to this contract to be ascertained from the whole writing. See Paddock v. Bay Concrete Industries, Inc., 154 So.2d 313 (Fla. 2d DCA 1963), and American Medical International, Inc. v. Scheller, 462 So.2d 1 (Fla. 4th DCA 1984), pet. for rev. denied, 471 So.2d 44 (Fla. 1985). Examination of other paragraphs of the agreement, not to mention the terms of the note and mortgage itself, make it unequivocally clear that the arrearages to be paid included accrued interest and escrow payments as well as principal. The single allegedly inconsistent paragraph, again accepting the borrower's interpretation, would be totally at odds not only with all the other paragraphs, but with the terms of the note and mortgage and with the contents of all the other letters back and forth culminating in the settlement. Moreover, though not necessary to our conclusion, the letter agreement was drafted by the buyer's attorney and any ambiguity therein should be construed against its author. Finlayson v. Broward County, 471 So.2d 67 (Fla. 4th DCA 1985).
As to the rate of interest to be charged, both parties agreed it should be ten percent per annum, and neither the buyer's pleadings nor her evidence and argument at trial sought any other solution thereof. The lender's interim decision, to allow the accrued interest to continue at eight and three-quarters percent interest while the dispute existed, does not by itself support the trial judge's conclusion that the lender is now estopped to enforce the agreed upon ten percent.
Without further discussion, there is no basis for the trial judge's award of damages and we also reverse that portion of the final judgment.
This cause is reversed and remanded with instructions that the trial judge enter a final judgment in accordance herewith.
REVERSED AND REMANDED.
GUNTHER, J., and COLBATH, WALTER N., Jr., Associate Judge, concur.
NOTES
[1] Which we do only for the purposes of this opinion.