506 So.2d 33 (1987)
ARTHUR RUTENBERG CORP., a Florida Corporation, Appellant/Cross Appellee,
v.
Mitchell C. PASIN and Audrey R. Pasin, His Wife, Appellees/Cross Appellants.
No. 4-86-1201.
District Court of Appeal of Florida, Fourth District.
April 15, 1987.
Rehearing Denied May 18, 1987.
*34 Brian F. Leary and David B. Van Kleeck of David B. Van Kleeck, P.A., Boca Raton, for appellant/cross appellee.
Robert Pasin, Coral Springs, for appellees/cross appellants.
STONE, Judge.
The parties executed a contract for the purchase and sale of real property. The contract required an initial $5,000 "non-refundable" deposit and an "additional" deposit of $31,968 to be paid twenty days later. The contract also provided that "all deposits shall be returned to the buyer ..." if the buyer did not obtain a mortgage. After a non-jury trial, judgment was entered in favor of the buyer for the return of the "additional" deposit, and for the seller on the "non-refundable" initial deposit. The seller appeals and buyer cross appeals.
The contract was prepared by the developer-seller. The buyer insisted that the sale be subject to a financing contingency. The following language appeared in the same typewritten paragraph containing the "non-refundable" $5,000 deposit term:
Should this mortgage not be obtained, all deposits (emphasis added) shall be returned to the buyer, and all obligations of both buyer and seller shall terminate.
With respect to the $5,000 deposit, the trial court applied the rule of contract construction that specific directions in the contract take precedence over the general. This is one of many valid principles utilized in contract construction. White v. Harmon Glass Service of Florida, Inc., 316 So.2d 599 (Fla. 4th DCA 1975), cert. denied, 330 So.2d 22 (Fla. 1976); 11 Fla.Jur. Contracts § 119 (1979). Because this issue was apparently considered incidental to the primary dispute over "good faith" in the mortgage application, neither the trial judge nor this court have been offered much assistance by counsel with respect to the application of principles of contract construction.
Having reviewed the record, however, we conclude that the court's interpretation of the contract, and application of the aforementioned principle of construction, were erroneous. Cf. Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So.2d 938 (Fla. 1979); James v. Gulf Life Ins. Co., 66 So.2d 62 (Fla. 1953); Home Savings of America, F.A. v. Roehner, 491 So.2d 612 (Fla. 4th DCA 1986); Paddock v. Bay Concrete Industries, Inc., 154 So.2d 313 (Fla. 2d DCA 1963). Since a full and complete final hearing has been held, no purpose would be served by a new trial.
A primary rule of contract construction is that where provisions in an agreement appear to conflict, they should be construed so as to be reconciled, if possible. Excelsior, 369 So.2d at 938. In so doing, the court should strive to give effect to the intent of the parties in accord with reason and probability as gleaned from the whole agreement and its purpose. Excelsior, 369 So.2d at 938; James, 66 So.2d at 62; American Medical International, Inc. v. Scheller, 462 So.2d 1 (Fla. 4th DCA 1984); Transport Rental Systems, Inc. v. Hertz Corp., 129 So.2d 454 (Fla. 3d DCA 1961). See 4 Williston on Contracts, 3d Ed. §§ 618, 619, 620.
In James v. Gulf Life Ins. Co., 66 So.2d 62 (Fla. 1953), it was held that an isolated sentence in a contract should be construed in connection with the remainder of the contract "in order to arrive at a reasonable construction... ." Id. at 62. The supreme court quoted 12 Am.Jur. Contracts § 250 with approval:
Agreements must receive a reasonable interpretation, according to the intention of the parties at the time of executing *35 them, if that intention can be ascertained... . Where the language of an agreement is contradictory .. . so that it is susceptible of two constructions, one of which makes it fair, customary, and such as prudent men would naturally execute, while the other makes it inequitable, unusual, or such as reasonable men would not be likely to enter into, the interpretation which makes a rational and probable agreement must be preferred... . An agreement will not be interpreted so as to render it oppressive or inequitable as to either party or so as to place one of the parties at the mercy of the other, unless it is clear that such was their intention at the time the agreement was made.
66 So.2d at 63. Accord Triple E Development Co. v. Florida Gold Citrus Corp., 51 So.2d 435 (Fla. 1951); Florida Power Corp. v. City of Tallahassee, 154 Fla. 638, 18 So.2d 671 (Fla. 1944); American Medical International, 462 So.2d at 1. In following these principles, courts should endeavor to avoid interpretations which would contradict a contract's general purpose. James, 66 So.2d at 63, 64.
We conclude that it is not necessary here to rely on the interpretive tool of preferring a specific clause to a general clause. Therefore, we reverse as to the cross-claim, and remand for further proceedings.
It is reasonable to conclude that the parties intended that the $5,000 deposit would not be refunded if the buyer failed to put up the balance, failed to apply for the mortgage, or otherwise breached the contract before the contingencies were fulfilled. However, it is also reasonable to conclude that the $5,000 would be returned to the buyer if the financing contingency failed for reasons beyond his control. Certainly if a prudent seller bargained for a forfeiture, one would expect the contract to be more specific.
The trial court determined that the buyer exercised due diligence and good faith in seeking a mortgage. This conclusion was supported by the evidence, and no abuse of discretion has been shown. Cf. Biersbach v. Landin, Ltd., 454 So.2d 779 (Fla. 4th DCA 1984); Brown v. Matton, 406 So.2d 1269 (Fla. 4th DCA 1981); Meyers v. Cunningham, 415 So.2d 802 (Fla. 3d DCA 1982).
Accordingly, we reverse and remand for modification of the final judgment as to the cross-claim by entering judgment for the buyer for the entire deposit. The award of costs in favor of the defendant is also reversed. That portion of the final judgment in favor of plaintiff is affirmed.
DOWNEY and WALDEN, JJ., concur.