FARMER, Judge.
The debtor/purchaser[1] of a forklift appeals a non-final order authorizing the issuance of a writ of replevin before final judgment under section 78.067.[2] Because we conclude that the trial court failed to consider the showing made by the debtor at the show cause hearing and further failed to permit the debtor to present testimony on his behalf at the time of the hearing to show that plaintiff was not entitled to possession of the forklift, we reverse the order.
On the basis of a complaint and an affidavit, the trial court had previously issued an order to show cause under section 78.065. Debtor had responded with an affidavit stating that the plaintiffs affidavit was not based on personal knowledge, that the transaction had actually been a lease/sale with terms allowing periodic payments as debtor received draws under a construction contract, and that the debtor was not in default but current in its payments. Meanwhile debtor sought to take a discovery deposition of plaintiffs affiant, but plaintiff refused to make him available for a deposition before the show cause hearing and obtained a protective order.
At the show cause hearing, plaintiff argued that the court should decide the possessory issue on the basis of the complaint and supporting affidavit alone, much in the same way *585 that a court determines whether a complaint states a cause of action by looking only to the pleading. Debtor argued that the court not only had to consider his counter affidavit, but should also first require plaintiff to produce its affiant for deposition and cross examination so that debtor could show that plaintiffs affidavit was actually based on hearsay or belief, rather than personal knowledge.[3] The trial court agreed with plaintiffs position.[4]
There is no doubt that debtor’s reading of the statute was the correct one. Section 78.065(2)(e) plainly says that the defendant “has the right to file affidavits on his behalf with the court and may appear personally or by way of attorney and present testimony on his behalf at the time of the healing.” The right to file affidavits and present testimony surely comprehends the right to have such affidavits and testimony actually considered by the court in reaching the determination as to which party is entitled to possession while the lawsuit winds its way to final judgment. To do otherwise is to take property away from a person on the unchallengeable word of another. '
We also agree that debtor’s challenge by his own affidavit to the personal knowledge of plaintiffs affiant required that the parties be allowed to use the discovery devices of the civil rules to gather evidence for the show cause hearing. In this situation, the refusal of the plaintiff to supply the discovery before the hearing should have resulted either in a continuation of the show cause hearing so the discovery could take place or an outright denial of replevin before final judgment.
The writ of replevin before judgment is reversed, and the subject property shall be redelivered forthwith to debtor. On remand the trial court may schedule a new show cause hearing, before which debtor should be allowed to depose the witness, and at which debtor should be allowed to present evidence to support its defenses.[5]
REVERSED AND REMANDED WITH DIRECTIONS.
HERSEY, J., concurs.
STONE, J., dissenting with opinion.

. Actually Kingswood is the purchaser and primary debtor, and Leatherwood is a corporate principal who guaranteed the corporate obligation.

. All references to Florida statutory law are to Florida Statutes (1991).

. As to affidavits based on personal "belief”, see Hall v. Byington, 421 So.2d 817, 818 (Fla. 4th DCA 1982).

. There is no question that the court limited its consideration to only the papers argued by plaintiff. As the court itself said:
"THE COURT: What I’m going to do is I’m just going to enter a finding that the face of the complaint together with the affidavit and the attachment states sufficient basis for the temporary replevin as of today, March 3, and that we will set a hearing and give you [debtor] the opportunity to do discovery and to come in here and say: 'They're wrong, give it back to me.’ Okay?”
When debtor called the court’s attention to his own affidavit contradicting plaintiff’s, the court responded: "I think that’s more in the nature of a defense.” The court then added:
"THE COURT: Because on the face of their complaint and their exhibit and their affidavit, it conforms to the requirement of the statute, and it appears, from what I know now, based on that statute, that they have the right to temporary possession. I may be wrong, in which case you’re going to come back here, and you’re going to say: 'You are wrong because this was wrong, this was wrong, and this was a lie, and this was untrue, and this was changed.’ "

.As ours is a procedural decision we express no opinion of the merits of plaintiff’s claim or debt- or's defenses.