639 So.2d 69 (1994)
SEABREEZE RESTAURANT, INC., a Florida Corporation, Appellant,
v.
Gaethy PAUMGARDHEN a/k/a Gene LaSalle, Appellee.
No. 93-02740.
District Court of Appeal of Florida, Second District.
May 11, 1994.
Rehearing Denied July 1, 1994.
C. John Coniglio, Wildwood, for appellant.
Scott C. Ilgenfritz and Rebecca A. Henson of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Tampa, for appellee.
*70 PATTERSON, Judge.
Seabreeze Restaurant, Inc. appeals from an amended final judgment which awards damages to Gaethy Paumgardhen, a/k/a Gene LaSalle (LaSalle), on LaSalle's counterclaim in this breach of contract action. Seabreeze contends that the trial court erred in determining that time was not of the essence in performing the parties' agreement. We agree and reverse.
Seabreeze filed a single-count complaint against LaSalle alleging breach of contract for failure to close a transaction under the terms set forth in an asset purchase agreement (the agreement) between the parties. In his answer, LaSalle admitted that he had signed the asset purchase agreement, that the disputed deposit had been placed in escrow, and that no closing took place on the date set forth in the agreement, November 30, 1991.
LaSalle counterclaimed, alleging that Seabreeze's failure to grant a "reasonable extension" of the agreed-upon closing date constituted a breach of Seabreeze's "covenant of good faith and fair dealing under the contract." Thus, LaSalle contended that Seabreeze's subsequent sale to a third party of the assets that LaSalle had contracted to purchase was a breach of the agreement.
With respect to closing, the agreement states: "The closing of the transactions contemplated by this Agreement (Closing) shall occur at the offices of Frank J. Greco, P.A., Tampa, Florida, on or before November 30, 1991, 2 p.m. or at such other place, date and/or time as the parties shall agree." Also included in the parties' asset purchase agreement are provisions concerning a letter of intent that the parties had previously executed:
3.4 Letter of Intent. The parties acknowledge entering into that certain Letter of Intent, a copy attached hereto as Exhibit 3.4[.] The provisions of such Letter of Intent shall merge into this Agreement. However, the terms of this Agreement shall supercede [sic] any provisions of the Letter of Intent which are inconsistent with the provisions herein.
(Emphasis supplied.) Paragraph 11 of the agreement refers to the letter of intent and incorporates it by reference into the agreement.
The letter of intent states the following concerning closing:
Upon completion of your due diligence rights under paragraph 4 below, counsel for each party shall prepare and the parties shall execute within seven (7) days of completion of your due diligence, a formal Agreement containing provisions in accord with the foregoing, together with such further appropriate collateral agreements, terms and conditions as the parties may mutually desire. The Agreement shall be subject in all respects to the approval of all parties thereto and shall specify a Closing Date (which shall not be later than November 30, 1991).
(Emphasis supplied.) On the next page of the letter of intent it clearly states, "Seabreeze considers that time is of the essence in consummating the proposed transaction."
LaSalle sought an extension of the agreed-upon closing date of November 30, 1991. Seabreeze refused, and on December 2, 1991, Seabreeze demanded $10,000 of the escrow deposit because LaSalle failed to close by November 30, 1991. Seabreeze ultimately sold the property to a third party on January 31, 1992.
After a nonjury trial, the trial court entered an amended final judgment and found that under the agreement "time is not of the essence." The trial court then determined that Seabreeze had breached the agreement because it "failed to exercise good faith by refusing to provide LASALLE with a reasonable time to close the transaction." The award of damages compensated LaSalle for the difference between the contract price with the third party and the amount LaSalle had agreed to pay for the property.
Seabreeze correctly contends that its agreement with LaSalle includes the "time is of the essence" clause in the parties' letter of intent. Paragraph 11 of the agreement incorporates by reference the letter of intent. The agreement expressly refers to and sufficiently describes the letter of intent such that *71 the letter of intent is to be considered part of the agreement. See OBS Co. v. Pace Constr. Corp., 558 So.2d 404, 406 (Fla. 1990).
When provisions in a contract appear to be in conflict, they should be construed so as to be reconciled, if possible. Arthur Rutenberg Corp. v. Pasin, 506 So.2d 33 (Fla. 4th DCA 1987). "An interpretation of a contract which gives a reasonable, lawful and effective meaning to all of the terms is preferred to an interpretation which leaves a part unreasonable, unlawful or of no effect." Herian v. Southeast Bank, N.A., 564 So.2d 213, 214 (Fla. 4th DCA 1990) (citation omitted). Paragraph 3.4 of the asset purchase agreement states that the letter of intent's provisions "shall merge into this Agreement." The next sentence states, "However, the terms of this Agreement shall supercede [sic] any provisions of the Letter of Intent which are inconsistent with the provisions herein." The trial court's conclusion that time is not of the essence renders the "however" sentence as surplusage.
A grammatical construction of contracts generally requires that one construe a relative or qualifying phrase as referring to its nearest antecedent. Wright & Seaton, Inc. v. Prescott, 420 So.2d 623 (Fla. 4th DCA 1982). Thus, one must construe the merger sentence consistent with the "however" provision that immediately follows it. A reasonable interpretation giving effect to all terms is that all provisions of the letter of intent that are not inconsistent with the agreement are incorporated into the agreement. The language of paragraph 3.4 and the incorporation by reference of the letter of intent in paragraph 11 show that the parties carried forward into the agreement the time is of the essence clause.
Since time was of the essence in consummating the asset sale, Seabreeze did not breach an implied duty of good faith by requiring LaSalle to close in the time the contract provided. LaSalle breached the agreement by not timely closing the transaction. See Herrera Y Nogueira v. Helker, 139 So.2d 895 (Fla. 3d DCA 1962). LaSalle did not produce any evidence showing that Seabreeze obstructed him from closing. In Coppola Enterprises, Inc. v. Alfone, 531 So.2d 334 (Fla. 1988), which LaSalle cites, the seller waived a time is of the essence provision. Nothing in the facts of this case indicate that Seabreeze waived the time is of the essence provision.
Thus, we vacate the amended final judgment and remand with directions that the trial court enter a judgment consistent with this opinion.
Reversed and remanded.
FRANK, C.J., and FULMER, J., concur.