693 So.2d 1033 (1997)
DODGE CITY, INC., d/b/a Dayton Andrews Dodge, a Florida corporation, Appellant,
v.
Wendy E. BYRNE and Nicholas L. Doyle, Appellees.
No. 96-04067.
District Court of Appeal of Florida, Second District.
May 14, 1997.
Michael D. Siegel of Delcamp and Siegel, P.A., St. Petersburg, for Appellant.
John L. Riley, St. Petersburg, for Appellees.
*1034 Cynthia Tunnicliff and John C. Pelham of Pennington, Culpepper, Moore, Wilkinson, Dunbar & Dunlap, P.A., Tallahassee, for Amicus Curiae Florida Automobile Dealers Association.
FRANK, Judge.
Dodge City, Inc. has appealed from a nonfinal order replevying a Dodge Caravan. The vehicle, which had been "spot delivered" to the buyers when the sales documents were executed, had been repossessed when the dealership was unable to find financing for the transaction. After the repossession, the buyers instituted this replevin action. Following a hearing, the trial court found that the seller did not show cause why the vehicle should not be replevied and ordered the clerk to issue a writ of replevin. This conclusion, however, was grounded upon the court's erroneous failure to consider evidence submitted by the sellers and its misguided disregard of several documents executed simultaneously with the retail installment contract. Consequently, the order must be reversed.
On July 11, 1996, Wendy Byrne and Nicholas Doyle agreed to purchase a 1996 Dodge Caravan from Dodge City, Inc. The buyers simultaneously executed several documents, including a buyer's order, two "security agreementsretail installment contracts" for financing purposes (from AmSouth and Sun Trust Banks), a "retail installment sale contract and security agreement," a power of attorney to transfer title, an odometer affidavit for trade-in vehicle, an affidavit of insurance, and a conditional sales contract. Dodge City then "spot delivered" the vehicle to the buyers, which allowed them to take delivery of the vehicle pending financing by a lending institution.
For the next several days Dodge City attempted to obtain financing on behalf of the buyers from six different lenders. No bank would extend credit to the buyers in the amount of the purchase. Dodge City informed Byrne and Doyle of this financing problem and requested that they return the vehicle pursuant to the terms of the conditional sales contract. When the buyers refused to return the vehicle, Dodge City repossessed it. Byrne and Doyle then instituted this replevin action.
At the hearing, the trial court allowed the buyers to testify but would not allow Dodge City to present affidavits and witnesses concerning the transaction. Section 78.067(2), Florida Statutes (1995), requires the trial court to consider "the affidavits and other showings made by the parties appearing" in a replevin action. Failure to do so requires reversal and remand for a new hearing. See Kingswood South, Inc. v. J.I. Case Credit Corp., 623 So.2d 584 (Fla. 4th DCA 1993).
The trial court refused to consider evidence presented by Dodge City because it felt that it would be futile. The theory of the buyers, which the court accepted, was that the contract that required return of the vehiclethe conditional sales contractwas not supported by consideration. That contract begins as follows:
In consideration of the delivery to the purchaser(s) from the seller of the motor vehicle described in the attached retail installment sales contract, Receipt of which is hereby acknowledged the purchaser(s) acknowledges that the sale and delivery is subject to the acceptance and approval of the said contract by the financing institution specified within three (3) days from the date thereof.
The trial court ignored the language of the conditional sales contract and held that, because it was signed first, only the "retail installment sale contract and security agreement" was supported by consideration. That contract does not refer to a financing institution but states that the buyers promise to repay the principal, plus interest, in sixty-five payments beginning on August 25, 1996. The payments can be paid "at our address above unless we give you notice to pay your monthly installments at some other specific place or to an assignee." The buyers, and the trial court, interpreted this contract as the only contract for which the dealership gave consideration, i.e., delivery of the car, and thus, because no other financing institution was named, the buyers had the right to tender the payments to the dealership, which *1035 would in effect be financing the vehicle. This interpretation renders both the "conditional sale contract" and the "security agreementretail installment contract" (which named SunTrust Bank, Tampa Bay, and AmSouth Bank), nullities. Even though the "retail installment sale contract" does not name a financing institution, the "security agreement-retail installment contract" does do so, and thus the financing institutions to which the "conditional sales contract" refers are SunTrust Bank and AmSouth Bank.
When the parties execute two or more documents concurrently, in the course of one transaction concerning the same subject matter, the documents must be read and construed together. See KRC Enterprises, Inc. v. Soderquist, 553 So.2d 760 (Fla. 2d DCA 1989); International Ship Repair v. General Portland, Inc., 469 So.2d 817 (Fla. 2d DCA 1985). Furthermore, where one or more provisions of a contract conflict, "they should be construed so as to be reconciled, if possible." Seabreeze Restaurant, Inc. v. Paumgardhen, 639 So.2d 69, 71 (Fla. 2d DCA 1994). The trial court failed to consider these general contract principles and ignored the fact that all of the documents were executed together, as part of one transaction. When the contracts are read together, it is clear that the buyers agreed to return the vehicle to Dodge City if the dealership could not find financing with an outside lender.
Accordingly, the order issuing a writ of replevin is reversed and the trial court is directed to order the return of the 1996 Dodge Caravan Station Wagon described in that order to Dodge City, Inc.
Reversed and remanded.
LAZZARA and NORTHCUTT, JJ., concur.