STEVENSON, J.
This appeal stems from a complaint filed by Ford Motor Credit Company, LLC (“FMCC”) against appellant Pamela Gi-vans and Accelerated Response Time, Inc. (“Accelerated”), alleging that Givans defaulted on a guaranty obligating her to pay monies owed on a car leased to Accelerated. A jury found that Givans had breached the guaranty and awarded damages in the amount of $58,664.79. Because FMCC failed to establish the occurrence of a condition precedent, we reverse.
In 2002, Givans met a man who offered her a position with Accelerated if she agreed to help lease a vehicle for the company. Givans agreed, believing that she would be leasing the vehicle in the capacity as Secretary of Accelerated. However, the guaranty containing Givans’ signature was signed in her individual capacity only. The guaranty states:
To cause Lessor to lease the Vehicle to Lessee under the Motor Vehicle Lease Agreement dated as described above, each person who signs below as a “Guarantor” guarantees payment under the Motor Vehicle Lease Agreement. This means that if the Lessee fails to pay any money that is owed under the Motor Vehicle Lease Agreement each one who signs as a Guarantor will pay it when asked.
Accelerated subsequently defaulted on the lease and FMCC initiated the instant lawsuit against Givans. After the jury returned its verdict, Givans filed a motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial, arguing, among other things, that the verdict was contrary to the manifest weight of the evidence because FMCC failed to establish that it asked Givans for payment. Givans’ post-trial motion preserved her challenge to the sufficiency of the evidence, and we review denial of that motion for an abuse of discretion. See Ruth v. Sorensen, 104 So.2d 10, 15 (Fla.1958); J.T.A. Factors, Inc. v. Philcon Servs., Inc., 820 So.2d 367, 371 (Fla. 3d DCA 2002).
An unambiguous contract provision must be given its plain meaning. See Lazzaro v. Miller & Solomon Gen. Contractors, Inc., 48 So.3d 974, 975 (Fla. 4th DCA 2010). “A contract of guaranty may be absolute or it may be conditional.” Rooks v. Shader, 384 So.2d 681, 683 (Fla. 5th DCA 1980). Under an absolute guaranty, the guarantor becomes liable immediately upon default by the debtor. See id. Further, the guarantor is not entitled to notice of default. See Chris Craft Indus., Inc. v. Van Valkenberg, 267 So.2d 642, 646 (Fla.1972). By contrast, under a conditional guaranty, the guarantor’s liability is premised upon “the happening of some contingent event other than the default by the principal debtor.” Rooks, 384 So.2d at 683. Liability does not attach until occurrence of that event. See id. The plain language of the guaranty premised Givans’ liability upon her being asked to pay. Because the guaranty premised Givans’ liability on her being asked, it was conditional and Givans’ liability could not attach until that event occurred. FMCC did not present any evidence that it asked Givans for payment. FMCC’s argument that the filing of the lawsuit could constitute its compliance of demand for payment has no *866 support in the law or reason since performance of the condition precedent was required in order to give rise to the right of action in the first place.
Accordingly, the jury verdict in favor of FMCC cannot stand and this cause is remanded for entry of judgment for Givans.

Reversed and remanded.

TAYLOR and GERBER, JJ., concur.