LAWSON, J.
Frederick J.C. Vyfvinkel appeals from an order finding that he was not entitled to a cumulative annual inflation adjustment to his alimony payment based on the language of the contractual stipulation entered between the parties and adopted in the court’s final judgment. The parties’ agreement provided that:
Alimony shall continue at $4,000.00 per month to be increased only annually beginning January, 2012, at the rate of the “Consumer Price Index” (“CPI”) as such CPI is published from time to time by the U.S. Government. The parties shall utilize the CPI rate as reflected in the last published United States CPI rate for the year ending before the annual January change date. (Example: First change date January 1, 2012; therefore use last published CPI rate closest to December 31, 2011, and so on from year to year).
The trial court adopted Appel-lee’s interpretation of this language and held that each year Appellee was permitted to multiply the one-year CPI rate stipulated in the agreement by the original $4,000.00, to calculate the alimony amount for the new year. For example, if CPI for 2011 had been three percent, the formula would have yielded an alimony payment of $4,120.00[1] during 2012. For 2013, according to Appellee, if CPI for 2012 had been two percent, she was entitled to essentially wipe out the adjustment for the prior year and reduce the 2013 alimony payment to $4,080.00 ($4,000.00 + [$4,000.00 x 2%] = $4,080.00). We read the agreement as requiring an adjustment that takes into account the cumulative effect of inflation, so that (using the hypothetical CPI numbers in this paragraph) the 2013 alimony payment would be $4,200.00 ($4,000.00 + [$4,000.00 x (3% +2%)]). Given the arguments made on appeal,[2] this is the only reasonable reading of the quoted language. As explained in BED Twenty-One Management Co. v. Delsordo, 127 So.3d 527 (Fla. 4th DCA 2012):
“[a] true ambiguity does not exist [in a contract] merely because [the] contract can possibly be interpreted in more than one manner. Indeed, fanciful, inconsistent, and absurd interpretations of plain language are always possible. It is the duty of the trial court to prevent such interpretations.” Am. Med. Int’l, Inc. v. Scheller, 462 So.2d 1, 7 (Fla. 4th DCA 1984). Accordingly, contractual language is ambiguous only if it is susceptible to more than one reasonable in *386 terpretation. See Penzer v. Transportation Ins. Co., 29 So.3d 1000, 1005 (Fla.2010). It thus follows that where one interpretation of a contract would be absurd and another would be consistent with reason and probability, the contract should be interpreted in the rational manner. King v. Bray, 867 So.2d 1224, 1227 (Fla. 5th DCA 2004).
Id. at 530.
Here, reason and probability lead us to conclude that the CPI adjustment language in the agreement was intended to protect the negotiated alimony amount from erosion by inflation. The language should be read in a manner that will actually accomplish, rather than defeat, that intended purpose. Id. As such, we reverse the order on appeal and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORPY, C.J., and BERGER, J., concur.

. Calculated using the formula $4,000.00 + [$4,000.00 x 3%] = $4,120.00. We reiterate that we are using a hypothetical CPI figure for illustration purposes only. We also note that Appellant would erroneously have the adjustments start prior to January 1, 2012, in apparent contradiction to the language in the agreement.

. Appellant expressly "does not argue that alimony should be compounded annually.”