IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JANET VELLEFF,

   Appellant,

 v.              Case No. 5D17-591

THOMAS KARL VELLEFF,

   Appellee.
_____/

Opinion filed February 2, 2018

Non-Final Appeal from the Circuit
Court for Volusia County,
Elizabeth A. Blackburn, Judge.

Steven J. Guardiano, Daytona Beach, for
Appellant.

Jason M. Gordon, Cocoa Beach, for
Appellee.

PER CURIAM.

  Janet Velleff ("Former Wife") appeals the order entered by the trial court terminating the alimony payments made to her by Thomas Karl Velleff ("Former Husband"). Former Wife raises two arguments, contending that the trial court erred in: 1) denying her motion for attorney's fees without holding a separate evidentiary hearing on the matter and 2) misinterpreting the alimony provisions of the parties' marital settlement agreement ("MSA"). Because Former Wife failed to preserve her argument

regarding attorney's fees and the record does not demonstrate that the trial court erred, we affirm as to the first issue without further discussion.

The second issue turns on whether the MSA provided for lump sum alimony or permanent periodic alimony. "When possible, courts should give effect to each provision of a written instrument in order to ascertain the true meaning of the instrument." Inter-Active Servs., Inc. v. Heathrow Master Ass'n, 721 So. 2d 433, 435 (Fla. 5th DCA 1998). The MSA provided in pertinent part that Former Husband "shall either pay the Wife the sum of $400,000.00 as lump sum alimony or start paying permanent periodic alimony of $4,000.00 per month." Former Husband had the option of making one or more $100,000 payments, each of which would "reduce the monthly amount of permanent periodic alimony by $1,000.00 per month."[1] Former Husband chose to make monthly payments rather than pay an initial lump sum and did not avail himself of the provision allowing him to reduce his periodic payments.

We conclude that, when all the provisions of the MSA are considered, the intent of the parties was to establish permanent periodic alimony. See Avellone v. Avellone, 951 So. 2d 80, 83 (Fla. 1st DCA 2007) ("A court must not isolate a single term or group of words and read that part in isolation. . . . Rather, the goal is to arrive at a reasonable interpretation of the text of the entire agreement in order to accomplish the agreement's stated meaning and purpose."). The MSA appears to have been structured with the intent of incentivizing Former Husband to make large lump sum payments as an alternative to

---

[1] The MSA also specified that "[i]t is further understood and agreed that the Husband shall not receive any credit toward the $400,000.00 for the monthly alimony payments made by the Husband unless the Wife remarries, at which time the Husband shall continue to make monthly payment[s] until he has paid $400,00[0].00 from the date of Wife's remarriage."

2

paying monthly permanent periodic alimony. "The language should be read in a manner that will actually accomplish, rather than defeat, that intended purpose." <u>Vyfvinkel v. Vyfvinkel</u>, 135 So. 3d 384, 386 (Fla. 5th DCA 2014).

Because the MSA established permanent periodic alimony rather than lump sum alimony, the trial court erred in holding that Former Husband had fulfilled his alimony obligation. We accordingly reverse the trial court's order terminating Former Husband's alimony obligation to Former Wife and remand for further proceedings consistent with this opinion.

AFFIRMED in part; REVERSED in part; REMANDED.

SAWAYA, EVANDER and EISNAUGLE, JJ., concur.