IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TYRONE NABBIE,

      Appellant,

v.                                                          Case No.  5D16-1146

ORLANDO OUTLET OWNER, LLC,
PREFERRED CHOICE RESTAURANTS,
LLC, AND JESSE ENTERPRISES II, LLC,

      Appellees.

_____/

Opinion filed February 9, 2018

Appeal from the Circuit Court
for Orange County,
Lisa T. Munyon, Judge.

Wayne C. Golding, Sr., of The Golding Law
Group, PLC., Orlando, for Appellant.

Robert Bruce McCausland, of McKenna,
McCausland & Murphy, P.A., Ft.
Lauderdale, for Appellee Orlando Outlet
Owner, LLC.

Nicholas A. Shannin, of Shannin Law Firm,
P.A., Orlando, for Appellees Preferred
Choice Restaurants, LLC and Jesse
Enterprises II, LLC.


EISNAUGLE, J.

Appellant Guarantor, Tyrone Nabbie, ("Guarantor") appeals a final judgment against him, contending that the trial court erred when it entered partial summary judgment in favor of Appellee Landlord, Orlando Outlet Owner, LLC, ("Landlord") holding that demand for payment was not a condition precedent to his performance as a guarantor. We agree and do not reach the other issues on appeal.

Guarantor entered into a written guaranty agreement (the "Agreement") with Landlord promising to pay any amounts due and owing under a lease if the tenant to the lease should default. Paragraph A of the Agreement provides that Guarantor, upon default of the tenant,

> shall *on demand of Landlord* fully and promptly pay all Rental and other sums, costs, and charges to be paid by Tenant, and perform all the other covenants, and obligations to be performed by Tenant, under or pursuant to the Lease, and in addition shall, on Landlord's demand, pay to Landlord any and all sums due to Landlord under or pursuant to the terms of the Lease.

(Emphasis added). Paragraph B, however, further provides:

> The Guarantor [Appellant] unconditionally waives . . . (b)(i) presentment, *demand for payment of any sum due from the Tenant or any person who has guaranteed in whole or in part any of the obligations guaranteed hereby*, notice of dishonor, protest, protest and demand, notice or [sic] protest, and notice of nonpayment; (ii) notice of default by the Tenant or any person who has guaranteed in whole or in part any of the obligations guaranteed hereby; (iii) demand for performance by the Tenant or any person who has guaranteed in whole or in part any of the obligations guaranteed hereby . . . .

(Emphasis added).

After an uncured default by the tenant, Landlord filed suit against Guarantor, seeking to recover under the Agreement. Guarantor answered the complaint, asserting as an affirmative defense that Landlord never made a demand for payment under

2

Paragraph A of the Agreement, and therefore, failed to comply with a condition precedent. Landlord moved for partial summary judgment on this issue, arguing that Paragraph B of the Agreement waived any right Guarantor had to receive a demand for payment as a matter of law. The trial court granted the motion and entered a partial summary judgment. The case then proceeded to a bench trial on the remaining issues, which resulted in a final judgment of $307,000 and an award of attorney's fees against Guarantor.

Although the parties advance diametrically opposed interpretations of the provisions at issue, they both assert that the Agreement is clear and unambiguous. Guarantor argues that Paragraphs A and B can be read together, and that Paragraph A requires a demand for payment from Guarantor before he is required to perform, while Paragraph B only waives demands directed to others such as the tenant and other guarantors. Landlord, on the other hand, argues that Paragraph B unambiguously waives any demand directed to Guarantor. Notably, Landlord does not offer any meaning for Paragraph A.

Summary judgment is proper where the movant conclusively demonstrates the absence of any genuine issue of material fact, a matter this court reviews de novo. *Laurencio v. Deutsche Bank Nat'l Tr. Co.,* 65 So. 3d 1190, 1192 (Fla. 2d DCA 2011). For a plaintiff "to obtain a summary judgment when the defendant asserts affirmative defenses, the plaintiff must either disprove those defenses by evidence or establish the legal insufficiency of the defenses." *Howdeshell v. First Nat'l Bank of Clearwater,* 369 So. 2d 432, 433 (Fla. 2d DCA 1979). This court reviews the interpretation of a guaranty, like all contracts, de novo. *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013).

We hold that the demand requirement in Paragraph A is a condition precedent to suit. "A contract of guaranty may be absolute or it may be conditional." *Rooks v. Shader*, 384 So. 2d 681, 683 (Fla. 5th DCA 1980). In the absence of limiting terms like "if," "provided that," or "on condition that," "whether a certain contractual provision is a condition, rather than a promise, must be gathered from the contract as a whole and from the intent of the parties." *Reilly v. Reilly*, 94 So. 3d 693, 697 (Fla. 4th DCA 2012) (citing *Chipman v. Chipman*, 975 So. 2d 603, 607 (Fla. 4th DCA 2008)). When a guaranty makes payment premised upon a demand, the demand is a condition precedent. *See Givans v. Ford Motor Credit Co.*, 82 So. 3d 864, 865 (Fla. 4th DCA 2011). In this case, the Agreement unequivocally requires that Guarantor shall make payment "on demand" of Landlord. We find this language entirely unambiguous, and given the nature of the Agreement, we conclude that demand for payment was a condition precedent to Guarantor's performance.

Nevertheless, Landlord points to Paragraph B, arguing that any demand for payment from Guarantor was expressly waived. Guarantor, on the other hand, asserts that Paragraph B should be read to apply only to parties other than himself—like the tenant and other guarantors.

While the Agreement could have been more carefully crafted, we conclude that Paragraphs A and B are unambiguous when read together, and both can be given meaning. "When interpreting a contract, the court must first examine the plain language of the contract for evidence of the parties' intent." *Heiny v. Heiny*, 113 So. 3d 897, 900 (Fla. 2d DCA 2013) (quoting *Murley v. Wiedamann*, 25 So. 3d 27, 29 (Fla. 2d DCA 2009)). In so doing, "courts must not read a single term or group of words in isolation." *Am. K-9*

4

*Detection Servs., Inc. v. Cicero*, 100 So. 3d 236, 238-39 (Fla. 5th DCA 2012) (citing *Delissio v. Delissio,* 821 So. 2d 350, 353 (Fla. 1st DCA 2002)). Instead, we will "arrive at a reasonable interpretation of the text of the entire agreement to accomplish its stated meaning and purpose." *Id.* (quoting *Delissio*, 821 So. 2d at 353). To that end, "[w]hen provisions in a contract appear to be in conflict, they should be construed so as to be reconciled, if possible." *Seabreeze Rest., Inc. v. Paumgardhen*, 639 So. 2d 69, 71 (Fla. 2d DCA 1994) (citing *Arthur Rutenberg Corp. v. Pasin*, 506 So. 2d 33 (Fla. 4th DCA 1987)). "An interpretation of a contract which gives a reasonable, lawful and effective meaning to all of the terms is preferred to an interpretation which leaves a part unreasonable, unlawful or of no effect." *Id.* (quoting *Herian v. Se. Bank, N.A.*, 564 So. 2d 213, 214 (Fla. 4th DCA 1990)). Furthermore, a contract's "language is ambiguous only if it is susceptible to more than one *reasonable* interpretation." *Vyfvinkel v. Vyfvinkel*, 135 So. 3d 384, 385 (Fla. 5th DCA 2014) (quoting *BKD Twenty-One Mgmt. Co. v. Delsordo,* 127 So. 3d 527, 530 (Fla. 4th DCA 2012)). "A true ambiguity does not exist [in a contract] merely because [the] contract can possibly be interpreted in more than one manner. Indeed, fanciful, inconsistent, and absurd interpretations of plain language are always possible." *Id.*

We find that a plain reading of Paragraph B provides that Guarantor waived any requirement that Landlord demand payment from others, including the tenant and other guarantors, but that it does not waive the demand for payment required in Paragraph A for several reasons. First, the Agreement routinely refers to Guarantor as "the undersigned" or "Guarantor." And although Paragraph B uses the defined term "Tenant," the defined term "Guarantor" is notably absent in the disputed portion of the provision.

5

Landlord essentially argues that the phrase "any person who has guaranteed in whole or in part any of the obligations guaranteed hereby" is synonymous with "the undersigned" or "Guarantor." We, however, cannot endorse such a tenuous reading of the Agreement, especially given the parties' routine use of defined terms when referring to Guarantor. Second, the context of the provision lends itself to Guarantor's interpretation that it applies to demands and notices between Landlord and third parties, because many of the surrounding terms could not reasonably apply to Guarantor.[1]

Third, and perhaps most importantly, if there were any doubt here, we find that Landlord's interpretation of Paragraph B would render Paragraph A's demand requirement superfluous. Indeed, Landlord has offered no interpretation for Paragraph A at all—let alone one that gives meaning to both provisions. We will not adopt such an interpretation when there is an obvious and better reading which has the added benefit of providing meaning to every term of the contract. We therefore reverse the partial summary judgment on Guarantor's affirmative defenses, and as a result, we also reverse the subsequently rendered final judgment and attorney's fee award.

REVERSED and REMANDED.

PALMER and WALLIS, JJ., concur.

---

[1] For instance, it would be illogical for Guarantor to waive notice of his own dishonor, protest, or nonpayment. And of course, the disputed provision within Paragraph B itself suggests application to third parties given its express reference to "Tenant."

6