DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALL YEAR COOLING AND HEATING, INC.,**
Appellant,

v.

**BURKETT PROPERTIES, INC.,**
Appellee.

No. 4D21-3401

[February 15, 2023]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Jennifer Hilal, Judge; L.T. Case No. COCE20-017178.

Alan J. Perlman, and Vijay G. Brijbasi of Dickinson Wright, PLLC, Fort Lauderdale, for appellant.

Deborah Baker of Greenspoon Marder, LLP, Miami, for appellee.

GROSS, J.

An air conditioning contractor (the "Contractor") appeals a judgment in favor of a property manager (the "Manager") for breach of contract. We reverse because the contract did not require the Contractor to ensure that units which it did not install complied with all applicable building codes.

The Manager obtained bids from multiple contractors to remove a cooling tower and replace six water-source systems with six split systems. The Contractor bid $35,000 to install six new York split systems. After negotiations, the Contractor and the Manager entered into a contract where the price for the six York systems was lowered to $33,800.

Paragraph 3 of the contract's addendum described the scope of work as including "a fully turnkey installation of all brand-new York air-conditioning systems." Paragraph 3 elaborated that the installation would include "six all new split system air-conditioning systems." However, paragraph 3 further specified that in addition to the six proposed systems, "there are two split systems that are currently existing, working perfectly and are not to be replaced as part of this contract." This was the contract's only specific reference to the existing split systems.

This dispute does not concern the Contractor's installation of the six new York split systems. Instead, the Manager claimed that the contract required the Contractor to bring the two "perfectly" working systems up to code. After a bench trial, the lower court agreed with the Manager and entered a final judgment against the Contractor for $6,385 plus prejudgment interest. This appeal ensued.

Courts are required to interpret a contract "as a whole and give meaning and effect to each part." *Tita v. Tita*, 334 So. 3d 646, 650 (Fla. 4th DCA 2022). "[An] interpretation which gives a reasonable meaning to all provisions of a contract is preferred to one which leaves a part useless or inexplicable." *PNC Bank, N.A. v. Progressive Emp. Servs. II*, 55 So. 3d 655, 658 (Fla. 4th DCA 2011) (quoting *Premier Ins. Co. v. Adams*, 632 So. 2d 1054, 1057 (Fla. 5th DCA 1994)). "The inconvenience, hardship, or absurdity of one interpretation of a contract or its contradiction of the general purpose of the contract is weighty evidence that such meaning was not intended when the language is open to an interpretation which is neither absurd nor frivolous and is in agreement with the general purpose of the parties." *James v. Gulf Life Ins. Co.*, 66 So. 2d 62, 63–64 (Fla. 1953).

We read the contract as taking the two "perfectly" working systems out of the contract's scope of work. A later provision in the contract's addendum states that, "notwithstanding anything to the contrary herein," the Contractor:

> will certify and shall ensure that all split systems in the building, *upon completion of all the work*, will be fully compliant with all codes and regulations and shall be responsible for any costs related to the implementation and/or remediation of same.

(Emphasis supplied). However, we do not read this code compliance provision as encompassing the existing split systems that were excluded from the contract's scope of work.

Here, the general purpose of the contract as a whole—including the pricing—was for the installation of six new split systems and the disposal of the old water tower. And the paragraph addressing the scope of work made it clear that the existing split systems were "working perfectly" and were "not to be replaced as part of this contract." Despite the use of the word "notwithstanding," the code compliance provision must be read in a way that is compatible with the contract as a whole. *Cf. Land O'Sun Realty Ltd. v. REWJB Gas Invs.*, 685 So. 2d 870, 871–72 (Fla. 3d DCA 1996)

2

("Acceptance of the appellants' claim that everything after 'notwithstanding' negates everything before would unacceptably render the preceding language completely superfluous, contrary to the rule of construction and of common sense that every provision is deemed to serve some useful purpose.").

Read in conjunction with paragraph 3, the phrase "all split systems in the building, upon completion of all the work" means that all split systems in the building installed in connection with the "completion of all the work" under the contract would be code compliant. The reference to "work" in the code compliance paragraph relates back the scope of work described earlier, which included only the six newly installed York units. Exhibit 58, admitted into evidence by stipulation, demonstrated that the estimate to bring one of the "perfectly" working systems up to code would require replacement and installation of a new split system, which the contract specifically forbade. The contract required the Contractor to ensure that the six split systems it installed were code compliant, and nothing more.

We therefore reverse the final judgment, and remand to the county court for the entry of a judgment in favor of the Contractor.

*Reversed and remanded.*

DAMOORGIAN and KUNTZ, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***