# Third District Court of Appeal
## State of Florida

Opinion filed September 6, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1960
Lower Tribunal No. 19-21144
_____

**David Louis Hirschenson,**
Appellant,

vs.

**Compu-Link Corporation of MI,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Thomas Butler, P.A., and Thomas J. Butler, for appellant.

Greenspoon Marder LLP, and Dariel Abrahamy (Boca Raton), for appellee.

Before FERNANDEZ, HENDON and LOBREE, JJ.

FERNANDEZ, J.

David Hirschenson appeals the trial court's final judgment of foreclosure. We affirm the final judgment as there is competent substantial evidence to support the trial court's findings regarding the ambiguity of the enhanced life estate deed and the subsequent reformation of the deed.

Hirschenson (the grantor) and his mother (the grantee) executed an enhanced life estate deed to facilitate a reverse mortgage between Hirschenson's mother and Compu-Link Corporation of MI ("the Bank"). The deed and the mortgage concern the same real property and were recorded simultaneously on September 8, 2018. After the death of Hirschenson's mother, the bank established a *prima facie* case for foreclosure of the mortgaged property. Hirschenson claims that the judgment of foreclosure is improper because his mother was not permitted to mortgage the property according to the language of the deed. However, the trial court found the deed to be ambiguous and reformed the deed, clarifying Hirschenson's mother's right to mortgage the property. On appeal, Hirschenson argues that the deed is not ambiguous and should not have been reformed.

During the bench trial, the Bank argued that there was a clear error or inconsistency in the preparation of the deed so that the word "grantor," instead of "grantee," was improperly used in paragraph six. Under the original language of paragraph six, the grantor (Hirschenson) maintained

2

exclusive control of the property, including rights to mortgage the property for his lifetime, without the joinder or consent of the remainder person (who is also Hirschenson) for the life of the grantor (Hirschenson). The trial court heard testimony from the parties' experts arguing for and against the presence of the ambiguity. The deed's creator testified that a mistake was made by incorrectly inputting "grantor" instead of "grantee" in paragraph 6. Hirschenson did not testify despite being present at the trial. The trial court accepted the testimony of the Bank's expert, concluding that the deed was intended as an enhanced life estate giving the grantee the power to, among other things, mortgage the property. As a result, the trial court reformed the deed by finding and concluding that the word "grantor" was used incorrectly in paragraph six and should be replaced by the word "grantee." This reformation of the paragraph solidified Hirschenson's mother's exclusive right to mortgage the property without the consent of her son. Thereafter, the trial court entered final judgment of foreclosure in favor of the Bank. Hirschenson appeals this decision.

The standard of review for a trial court's factual findings is whether the findings are supported by competent substantial evidence. Gainesville Health Care Ctr., Inc. v. Weston, 857 So. 2d 278, 283 (Fla. 1st DCA 2003). An appellate court reviews *de novo* whether a deed is ambiguous. City of

3

Clearwater v. BayEsplanade.com, LLC, 251 So. 3d 249, 253 (Fla. 2d DCA 2018).

We agree with the trial court's assessment of the deed as ambiguous and its subsequent reformation. Prime Homes, Inc. v. Pine Lake, LLC, 84 So. 3d 1147, 1151 (Fla. 4th DCA 2012) ("Ambiguities exist when a document can reasonably be interpreted as 'having more than one meaning.'"). "An isolated sentence of the policy should not be construed alone, but it should be construed in connection with other provisions of the policy in order to arrive at a reasonable construction to accomplish the intent and purpose of the parties." James v. Gulf Life Ins. Co., 66 So. 2d 62, 62 (Fla. 1953).

The deed is titled "Enhanced Life Estate Deed,"[1] as opposed to a traditional life estate deed.[2] By definition, the enhanced life estate gives the

---

[1] "The holder of an enhanced life estate retains the power to sell, convey, mortgage, and otherwise manage the property without liability for waste to the remainderman. In other words, the remainderman's interest is at best, vested and subject to defeasance, but arguably contingent." Rebecca Lynn Albert Wood, Florida Real Property Title Examination and Insurance: Liens and Encumbrances, Ch. 5 (Fla. Bar CLE 11th ed. 2023).

[2] "The use of traditional life estates can be problematic because although the life tenant controls the property during his or her lifetime, the life tenant would not be able to mortgage or convey the property without the joinder of the remainderman. As a solution to this problem, the enhanced life estate was created by a deed commonly referred to as a "Lady Bird Deed," in which the life tenant retains the right to convey or mortgage the property without the joinder of the remainderman." John N. Redding, Florida Real Property Sales Transactions: Title Considerations, Ch. 11 (Fla. Bar CLE 11th ed. 2023).

4

holder or grantee exclusive power to mortgage the property without the joinder of the remainder person. We know the deed was properly titled as Hirschenson maintains throughout the appeal that the deed is an enhanced life estate. Further, under the original reading of paragraph 6, the "grantor" reserves the right to exclusive use, possession, and control of the property, yet the deed states that the property is not Hirschenson's homestead, and that he lives elsewhere. Additionally, the original reading of paragraph 6 provides that the "grantor" (Hirschenson) can act without the joinder and consent of the remainder person (also Hirschenson), which is nonsensical. Lastly, the deed and the reverse mortgage were both recorded on September 2, 2018, which leads this Court to believe that the purpose of the deed was to facilitate the reverse mortgage. Accordingly, competent substantial evidence supports the trial court finding the deed ambiguous and the necessity to reform the deed by replacing "grantor" with "grantee" in paragraph 6.

For the reasons stated, we affirm the trial court's final judgment of foreclosure.

Affirmed.