GOSHORN, J.
The circuit court entered a temporary injunction barring Appellants Murphy .and Person from violating their non-compete agreements with appellees Robert Chitty and Chitty & Company (collectively “Chitty”). Appellants argue that the court *698 erred in determining that the non-compete agreements were independent of certain other agreements between the parties which Chitty allegedly breached prior to Appellants’ admitted violation of the non-compete agreements. We agree and reverse.
Appellants are accountants and investment advisors. Prior to November 21, 1997, they were owners of and officers in Person & Company, Accountants, Inc. (“Person Co.”). Person Co.’s business consisted of preparing tax returns and performing accounting services. Person and Murphy also each ran separate corporations; Person’s corporation, Brevard Personal Management, Inc. (“BPM”), sold investments, primarily to Person’s accounting clients, and Murphy’s corporation, CBS Consulting, Inc. (“CBS”), sold investments and brokered mortgages and real estate, primarily to Murphy’s accounting clients.
On November 21, 1997, Appellants sold Person Co. to Chitty & Company. Chitty & Company also purchased the real estate on which Person Co., BPM, and CBS were situated, although BPM and CBS were not sold. At the closing, numerous documents were executed, including promissory notes for the balance of the purchase price, commercial leases which allowed CBS and BPM to remain on the property, independent contractor agreements for CBS and BPM, through Murphy and Person, respectively, to provide tax and accounting services to Chitty & Company, and non-compete agreements.
Soon after the closing, problems arose between the parties. Chitty did not pay Appellants any money for services performed under the independent contractor agreements, and by late February or early March 1998, Appellants had stopped working for Chitty and had begun providing accounting services elsewhere, in competition with Chitty. On June 12, 1998, Chitty filed an amended complaint seeking, inter alia, an order enjoining Appellants from competing with Chitty in the tax and accounting business.
Appellants argued at the hearing below that Chitty had breached the independent contractor agreements and the leases and had defaulted on the promissory notes, thereby losing the right to enforce the non-compete agreements. However, the circuit court found that the non-compete agreements were independent of the independent contractor agreements and granted the requested relief. The circuit court erred in reaching this conclusion.
A party cannot enforce obligations under one contract without performing obligations under other, interdependent contracts. Dauer v. Safeco Ins. Co. of Am., 394 So.2d 128 (Fla. 4th DCA 1980). The question whether contractual provisions are dependent or independent is generally determined by the intent of the parties based on a reading of their entire contract. See, e.g., Steak House, Inc. v. Barnett, 65 So.2d 736 (Fla.1953); Slusher v. Greenfield, 488 So.2d 579 (Fla. 4th DCA 1986). Documents executed “concurrently, in the course of one transaction concerning the same subject matter ... must be read and construed together.” Dodge City, Inc. v. Byrne, 693 So.2d 1033, 1035 (Fla. 2d DCA 1997).
In this case, two months prior to the closing the parties entered into a “Standard Asset Purchase Contract” and an addendum thereto which outlined the terms of the transaction. That contract contains a covenant not to compete which specifically provides “that Buyer’s right to enforce this portion shall terminate in the event that Buyer is in default under any material term of this agreement or of the closing documents.” The independent contractor agreements, non-compete agreements, leases, and promissory notes are also provided for in the asset purchase contract. All of these documents were executed at the closing.
The intent of the parties — as evidenced by the interrelated documents executed at *699 the closing and the admissions of the parties at the injunction hearing — was that the agreements were dependent upon each other. All of the agreements in question were contemplated in the asset purchase contract, and all were part of one overall transaction even though certain provisions may have been more important to one party than to others. Moreover, Chitty’s complaint cites the asset purchase contract — not the separate non-compete agreement — as imposing the obligation on Person not to compete. That contract also specifies that Chitty cannot enforce the non-compete provision if he defaults under other terms of the agreement. See Toyota Tsusho America, Inc. v. Crittenden, 732 So.2d 472 (Fla. 5th DCA 1999) (finding that consulting agreement was “integral part” of parties’ settlement agreement, which provided that “a default on any one agreement constituted a default on all of the other agreements,” and therefore Toyota was entitled to cease making payments under consulting agreement once appellees breached global settlement agreement); see also Standard Newspapers, Inc. v. Woods, 110 So.2d 397 (Fla.1959) (finding non-compete agreement “so closely related” to other agreement that “it would be impractical and illogical to decide the point of law now involved without considering the two”).
Because the parties’ obligations were dependent on one another, Chitty is not necessarily entitled to a temporary injunction. See Bradley v. Health Coalition, Inc., 687 So.2d 329 (Fla. 3d DCA 1997) (“ A party is not entitled to enjoin the breach of a contract by another, unless he himself has performed what the contract requires of him so far as possible; if he himself is in default or has given cause for nonperformance by defendant, he has no standing in equity.’... If the employer wrongfully refuses to pay the employee his compensation, the employee is relieved of any further obligation under the contract and the employer cannot obtain an injunction.”); Cordis Corp. v. Prooslin, 482 So.2d 486 (Fla. 3d DCA 1986) (“In the non-competition and trade-secret context, an employer’s breach of the employment contract is a relevant factor in determining whether the employer is entitled to a temporary injunction, at least where the breach involves a dependent covenant.”). In light of its conclusion that the agreements were independent, the circuit court did not reach the factual issues of who breached which agreement and in what order any such breaches took place. On remand, the court is directed to make findings regarding these issues in determining whether Chitty is entitled to injunctive relief. See Sarasota Beverage Co. v. Johnson, 551 So.2d 503, 509 (Fla. 2d DCA 1989).
REVERSED and REMANDED.
COBB and GRIFFIN, JJ., concur.