780 So.2d 162 (2001)
Rosa EDWARDS, Appellant,
v.
Lee R. NORMAN and Star Trucking, Inc., Appellees.
No. 2D00-746.
District Court of Appeal of Florida, Second District.
January 12, 2001.
*163 Jeffrey D. Starker of Hill & Ponton, Orlando, for Appellant.
Raymond A. Haas and David W. Longley, of Haas & Beik, P.A., Tampa for Appellees.
DAVIS, Judge.
Rosa Edwards appeals the trial court's final judgment entered in her personal injury action against Lee R. Norman and Star Trucking, Inc. The trial court entered the final judgment after granting Norman and Star Trucking's motion for summary judgment. We reverse.
On January 15, 1998, Edwards was rearended by a semitrailer operated by Norman and owned by Star Trucking. Prior to Edwards filing a cause of action, Star Trucking's insurance carrier hired an independent adjuster to investigate the property damage claim. Edwards' vehicle was taken to a repair shop which gave a repair estimate of $5,005.36. Approximately a month after the accident, the adjuster advised Edwards that he had a check for the damage to the vehicle. He arranged a meeting with her at a gas station near the interstate at which he gave her a check made payable jointly to Edwards and the repair shop in the exact amount of the estimate. Further, the check had the notation: "FULL/FINAL SETTLEMENT OF ALL PROPERTY DAMAGES." At the same time, Edwards signed a document entitled "RELEASE of All Claims." Edwards delivered the check to the repair shop and the car was repaired.
Edwards subsequently filed a complaint against Norman and Star Trucking, seeking damages for her personal injuries. Norman and Star Trucking's amended answer raised the affirmative defense of accord and satisfaction based on the release Edwards had executed. In reply to this defense, Edwards alleged that the release was obtained by unlawful means, fraud and misrepresentation.
At the hearing on the motion for summary judgment, the trial court had for its consideration the deposition testimony of Edwards and the adjuster. Edwards testified at deposition that, prior to signing the release, she asked the adjuster if the release applied only to the property damage and he assured her that it did. Norman and Star Trucking argued that the release was clear and unambiguous and, accordingly, the parol evidence of Edward's deposition testimony should not be considered. Edwards urged the trial court to consider the parol evidence, arguing that it raised factual issues as to the circumstances of the execution of the release and its validity. The trial court, however, granted the motion for summary judgment and entered a final judgment.
Our review of a final judgment based on the granting of summary judgment is de novo. See Walsingham v. Dockery, 671 So.2d 166 (Fla. 1st DCA 1996). A trial court should enter a summary judgment only when there is no genuine issue of material fact. See Anderson v. Aamco Transmissions of Brevard, Inc., 265 So.2d 5 (Fla.1972). The issue before this court is whether the parol evidence regarding the circumstances of the signing of the release is admissible. If Edwards' testimony regarding the alleged representations made to her by the adjuster is considered, there remains an issue of fact that must be resolved in order to determine the validity of the release. Although evidence of an oral agreement may not be used to alter the terms of a written agreement, it can be introduced to show that the written agreement was obtained by fraudulent means. See Pena v. Tampa Fed. Sav. & Loan Ass'n, 363 So.2d 815, 817 (Fla. 2d DCA 1978).
*164 Having determined that parol evidence should have been considered, we reverse and remand for further proceedings.
THREADGILL, A.C.J., and GREEN, J., concur.