896 So.2d 880 (2005)
NORTHERN TRUST INVESTMENTS, N.A., Appellant,
v.
Carl J. DOMINO, Appellee.
No. 4D04-2662.
District Court of Appeal of Florida, Fourth District.
March 2, 2005.
Rehearing Denied April 8, 2005.
*881 Kathy M. Klock and Joseph J. Galardi of Steel, Hector & Davis, LLP, West Palm Beach, for appellant.
Brenda J. Carter, Fort Lauderdale, and Jack Scarola of Searcy, Denny, Scarola, Barnhart & Shipley, P.A., West Palm Beach, for appellee.
WARNER, J.
Northern Trust Investments, N.A., appeals the trial court's denial of its motion for temporary injunctive relief to enforce the provisions of a covenant not to compete against its employee, Carl Domino. The court concluded that Domino presented evidence that Northern Trust materially breached its agreement with Domino prior to terminating his employment, preventing the company from obtaining equitable relief to enforce the non-competition agreement. We affirm the trial court's ruling.
Domino sold his company to Northern Trust for a substantial sum. As part of the agreement, Domino and his partners entered into employment contracts with Northern Trust. Domino's contract provided for compensation and contained a covenant not to compete if Domino resigned or was terminated for cause. As part of the compensation, the contract provided that Domino and other employees would be entitled to a retention bonus from a Retention Bonus Pool "consist [ing] of cash in the amount of $7,000,000." Instead, the company paid bonuses based upon its arbitrary inclusion of only $4,000,000 in the pool. Domino objected. Some months later, Northern Trust terminated Domino for, among other things, soliciting another employee to leave the company and requesting reimbursement for expenses that had not been approved by the company, which Northern Trust considered a violation of its reimbursement policy.
After hearing all the evidence, both on the issue of Northern Trust's breach of contract and the reasons for Domino's termination, the trial court denied the injunction because it found Northern Trust did not prove it had a substantial likelihood of success on the merits, given the evidence of its breach of contract in failing to fully fund the Retention Bonus Pool.
A trial court's ruling on a motion for a temporary injunction is clothed with a presumption of correctness, subject to reversal only for a clear abuse of discretion. Gold Coast Chem. Corp. v. Goldberg, 668 So.2d 326, 327 (Fla. 4th DCA 1996). The trial court may consider an employer's breach of the employment agreement when deciding whether to grant a temporary injunction to enforce a covenant not to compete. See Benemerito & Flores, M.D.'s, P.A. v. Roche, 751 So.2d 91, 93-94 *882 (Fla. 4th DCA 1999); Cordis Corp. v. Prooslin, 482 So.2d 486, 490 (Fla. 3d DCA 1986). In Benemerito we quoted from Bradley v. Health Coalition, Inc., 687 So.2d 329 (Fla. 3d DCA 1997), which said:
"A party is not entitled to enjoin the breach of a contract by another, unless he himself has performed what the contract requires of him so far as possible; if he himself is in default or has given cause for nonperformance by defendant, he has no standing in equity." Seaboard Oil Co. v. Donovan, 99 Fla. 1296, 1305, 128 So. 821, 824 (1930) (affirming denial of temporary injunction).
"Having committed the first breach, the general rule is that a material breach of the Agreement allows the non-breaching party to treat the breach as a discharge of his contract liability." In the Matter of Walter W. Thomas, Debtor, 51 B.R. 653, 654 (M.D.Fla.1985). If the employer wrongfully refuses to pay the employee his compensation, the employee is relieved of any further obligation under the contract and the employer cannot obtain an injunction.
687 So.2d at 333 (internal citations omitted).
We agree with the trial court that Northern Trust did not show a substantial likelihood of success on the merits because it did not dispel Domino's claim that the company breached the employment contract prior to terminating Domino by refusing to fully fund the Retention Bonus Pool. Without full funding, Northern Trust was not in material compliance with the contract, which provided that the company would base the bonuses on each employee's share of the pool. Although payments to an individual employee above a guaranteed minimum were within Northern Trust's discretion, Domino showed that the employment contract contemplated that the employee payments would constitute the entire $7,000,000 pool, which Northern did not fully fund. Domino presented evidence that he was entitled to have his bonus figured as a share of a $7,000,000 fund, not the $4,000,000 the company actually disbursed. Therefore, because the trial court found credible evidence that Northern Trust breached the contract first, it did not abuse its discretion in denying the temporary injunction to enforce the covenant not to compete.
Affirmed.
FARMER, C.J., and GUNTHER, J., concur.