DAVIS, Judge.
 

 Douglas McKeever and Adrienne McKeever, his wife, individually and as parents and natural guardians of Sloan McKeever, a minor, challenge the trial court’s final summary judgment entered in favor of George R. Rushing and Coastal Transport in the McKeevers’ personal injury suit. Because there remains a genuine issue of material fact as to whether the release signed by Mr. McKeever was a general release, the granting of the motion for summary judgment was error. We therefore reverse the final judgment.
 

 On January 10, 2005, the automobile driven by Mr. McKeever was struck from the rear by an eighteen-wheel tractor-trailer owned by Coastal and driven by Mr. Rushing. Mr. McKeever’s vehicle sustained property damage in the amount of $8009.73. On February 8, 2005, Coastal’s insurer tendered a check for $8009.73, the exact amount shown on the repair estimate. At the time the check was submitted, Mr. McKeever was asked to execute a document entitled “Property Damage Release.”
 

 Following this payment and release, Mr. McKeever continued to have conversations with Coastal and its insurer regarding his personal injury claim. When no settlement was reached, the McKeevers filed their suit against Rushing and Coastal, alleging Mr. McKeever’s personal injury claim and the derivative claims of his wife and son. The initial complaint was filed June 7, 2007. Pretrial discovery commenced, and the parties continued to exchange information regarding Mr. McKeever’s personal injury claim. The McKeevers then filed an amended complaint on November 25, 2008. In its answer, Coastal raised twenty-five affirmative defenses, none of which mentioned the February 8, 2005, release.
 

 On January 22, 2009, Coastal filed a motion for summary judgment, arguing that Mr. McKeever had waived his personal injury' claim by executing the February 8, 2005, release. The motion pointed to the language in the release that stated that by his signature, Mr. McKeever released Coastal and its insurers
 

 from any and all claims, actions, causes of actions, demands, rights, damages,
 
 *922
 
 costs, loss of service, expenses and compensation whatsoever, which the undersigned now has/have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily and property damage and the consequence thereof resulting or to result from the occurrence....
 

 The release further provided: “THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.” Coastal alleged that since the language of the release is plain and unambiguous, there are no material issues of fact and that, as a matter of law, Mr. McKeever is barred from seeking a recovery for his personal injury.
 

 The McKeevers subsequently attempted to schedule the deposition of the adjuster who obtained the release on behalf of Coastal. Coastal’s attorney moved for a protective order, asking that the court prohibit the deposition. This motion was not heard, nor was the deposition taken prior to the hearing on Coastal’s motion for summary judgment.
 

 Also, prompted by Coastal’s filing of the motion for summary judgment, the McKeevers moved to reform the release, arguing that it was the intent of the parties to only release Coastal from claims regarding the property damage, not Mr. McKeever’s personal injury claims or the derivative claims of Mrs. McKeever and the couple’s child. This motion was not scheduled for hearing prior to the summary judgment hearing but was indirectly considered at that hearing.
 

 At that hearing the McKeevers suggested to the trial court that since Coastal had never filed an affirmative defense alleging the release was a waiver of Mr. McKeever’s personal injury claim, Coastal had waived its right to seek summary judgment on that basis. Further, the McKeev-ers argued that the record was clear that the parties never intended the release to be a general release of all claims. They pointed to the continuation of discussions and discovery regarding the nature of Mr. McKeever’s physical injury that transpired during the time period between the execution of the release on February 8, 2005, and the first mention of the release as a waiver in the January 22, 2009, motion for summary judgment. The McKeevers presented, without objection, copies of letters written during this time by Coastal’s agents to counsel for the McKeevers regarding the litigation of the physical injury claim.
 
 [1]
 
 The McKeevers suggested that if the release was intended by both parties to be a general release, such ongoing litigation efforts would not have been pursued by Coastal.
 

 The McKeevers also pointed out that they had filed the affidavit of Mr. McKeever, in which he stated under oath that he never intended to release Coastal from his personal injury claim and that if the language of the release was construed as doing so, he executed the general release by mistake.
 
 [2]
 
 The McKeevers noted that
 
 *923
 
 the release is entitled “Property Damage Release” and that it does not list Mrs. McKeever or the McKeevers’ son. The McKeevers argued that for the release to be read as a general release, it should include the names of all of the potential plaintiffs. Furthermore, the amount of the check given as consideration for the execution of the release was the exact amount of the property damage sustained by the McKeevers’ vehicle. The McKeev-ers maintained that based on these facts, questions remained as to whether the parties intended this to be a general release.
 

 Coastal argued that the language of the release was clear and unambiguous and that thus the trial court should simply look to the document itself. The release language suggests that Mr. McKeever, having read and understood the contents, signed the release waiving any and all claims “whatsoever” that resulted from the accident. Coastal suggested that there were no additional facts to be considered and that summary judgment was proper.
 

 The trial court agreed with Coastal’s argument and entered its order granting summary judgment. The court relied on the plain language of the document itself and determined that summary judgment was proper. Because the trial court’s order references the McKeevers’ motion to reform the release as having been reviewed, the granting of the summary judgment, by implication, was also a denial of the motion to reform the release. We conclude this order was error.
 

 Generally, a trial court should rely on the plain meaning of a contractual document when its language is clear and unambiguous.
 
 See NCP Lake Power, Inc. v. Fla. Power Corp.,
 
 781 So.2d 531, 536 (Fla. 5th DCA 2001) (“As a general rule, when the terms and provisions of a contract are unambiguous and complete, parol evidence is not admissible to define or explain them.”). Here, although the language in the body of the release is clear, its title, “Property Damage Release,” is inconsistent with the rest of the language of the release agreement. However, we need not decide this matter strictly on whether the release was clear and unambiguous because there are exceptions to the general rule.
 

 If it is alleged that the language did not reflect the actual intent of the parties, that a party executed the document by mistake, or that a party secured the execution of the document by fraud or misrepresentation, then the trial court may consider other facts related to the execution of the document in determining its scope and meaning.
 
 See Edwards v. Norman,
 
 780 So.2d 162 (Fla. 2d DCA 2001);
 
 Milford v. Metro. Dade County,
 
 430 So.2d 951 (Fla. 3d DCA 1983).
 

 In this case, the McKeevers clearly raised both the intent of the parties and mistake as unresolved issues of fact. The letters presented to the court without objection arguably showed that Coastal’s insurer anticipated that there was still a pending personal injury claim. Mr. McKeever’s affidavit stating that if the release was a general release, he signed it by mistake and never understood the purpose of the release to include foreclosing his personal injury claim, raises an issue of fact that must be resolved.
 
 See Soucy v. Casper,
 
 658 So.2d 1015, 1016 (Fla. 4th DCA 1995) (“[B]y alleging in their affidavits that there was never any intent to settle appellant’s claim, an allegation which appellee has not contradicted, a genuine
 
 *924
 
 question of material fact has been raised, precluding summary judgment.”). This suggestion of mistake is supported by the inconsistency between the title of the document and the language of the body and the fact that the cheek received upon execution of the release was for the exact amount of the repairs to the motor vehicle. And the argument that this was a mutual mistake is supported by the ongoing litigation of the personal injury claim by Coastal four years after the execution of the release.
 

 We conclude that there remain unresolved factual issues regarding the nature of the release and that granting summary judgment was improper, as was the summary denial of the motion to reform the release.
 
 See Abemethy v. Nat’l Union Fire Ins. Co.,
 
 717 So.2d 196, 198 (Fla. 5th DCA 1998) (noting that where one party seeks “reformation of the release ... parole evidence is admissible ... to determine the true intent of the parties”);
 
 Milford,
 
 430 So.2d at 952 (determining that the fact that the language of a release is clear and unambiguous is not dispositive and is even irrelevant to a claim for reformation).
 

 We reverse the final judgment and remand for further proceedings on the motion to reform the release. In doing so, we are offering no opinion as to the validity of any theory that the McKeevers may offer in seeking reformation of the release.
 

 Reversed and remanded.
 

 KELLY, J., and RAIDEN, MICHAEL E., Associate Judge, Concur.
 

 [1]
 

 . These letters were discussed in and attached to the McKeevers’ motion to reform the release. Although the motion was not noticed for hearing, the trial court’s order indicated that it had considered the motion to reform along with the motion for summary judgment.
 

 [2]
 

 . This type of parole evidence is usually considered in cases involving a mutual mistake between the parties rather than a unilateral mistake. The McKeevers argue that the mistake here was mutual but also suggest that even if Coastal could show that it intended the release to be a general release at the time of the execution, Mr. McKeever did not understand it to be so.
 
 Ali R. Ghahramani, M.D., P.A. v. Pablo A. Guzman, M.D., P.A.,
 
 768 So.2d 535 (Fla. 4th DCA 2000), suggests that under certain circumstances, a unilateral mistake may provide the basis for admitting pa
 
 *923
 
 role evidence; however, the McKeevers do not make this argument, nor do they allege these circumstances.