[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 23, 2010
JOHN LEY
CLERK

No. 10-10658
Non-Argument Calendar
_____

D. C. Docket No. 06-81112-CIV-HURLEY

R.A.M., LLC,
a Florida Limited Liability Company,
GEORGE FORD, Individually,

Plaintiffs, Counter-Defendants,
Appellees,

versus

TIMOTHY HILL, Individually,

Defendant, Counter-Claimant,
Appellant,

AUTOMOTIVE INTELLIGENT MARKETING, LLC,
a Texas Limited Liability Company,
et al.,

Defendants, Counter-Claimants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 23, 2010)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Timothy Hill appeals the denial of his motion to enforce a written settlement agreement and to obtain a final judgment against R.A.M., LLC, and George Ford. The district court denied Hill's motion because he had breached the settlement agreement. We affirm.

R.A.M., Ford, and Hill settled a contractual dispute in the district court. The settlement agreement required Ford to execute a promissory note payable to a trust account for Hill and required Hill to relinquish his ownership interest in R.A.M. The written agreement "and the Other Agreements" of the parties "together constitute[d] the entire understanding of the parties." The written agreement provided that "all . . . agreements made prior to, contemporaneously with, and/or concurrently with the execution and delivery of [the Settlement] Agreement are merged into this written document and are of no further force and effect." The written agreement also provided that any "documents [that] are required or permitted to be executed in order to effectuate" the settlement had to be "execute[d] . . . within three business days of receipt of such request."

Ford executed a promissory note to pay Hill $45,000. After Ford paid 19 of the 36 installment payments, Ford notified Hill that he had breached the written

2

agreement "by failing to deliver the documents required to effectuate the transfer of his membership interests in R.A.M." and that breach "relieve[d] . . . Ford's remaining obligations under the note."  One month later, Hill notified Ford that he had failed to make two installment payments and, unless he cured the default, Hill would "proceed to obtain a Final Judgment" for the balance of the promissory note. Ford made no further payments on the promissory note.

Hill moved for enforcement of the settlement agreement and a final judgment against Ford for the balance of the promissory note, attorney's fees, and costs.  Ford responded that Hill had breached the settlement agreement by failing to relinquish his interest in R.A.M.  In reply, Hill argued that his alleged violation of the settlement agreement was "irrelevant" because the promissory note stated that, if Ford defaulted on the note, Hill could demand payment and obtain "final judgment . . . of the then unpaid balance."

The district court denied Hill's motion.  The district court ruled that "the promissory note and transfer of Hill's interest in R.A.M. were integral pieces of" one transaction.  The district court concluded that, because the obligations were interdependent, "it would be unjust to excuse Hill's breach, while enforcing the promissory note's default provision against" Ford.

The district court did not abuse its discretion by denying Hill's motion to

3

enforce the settlement agreement. Settlement agreements are interpreted under the law of the forum state. Schwartz v. Fla. Bd. of Regents, 807 F.2d 901, 905 (11th Cir. 1987). "A settlement agreement is a contract," id., and under the law of Florida, "[c]ontracts are to be construed in accordance with the plain meaning of the words contained therein." Ferreira v. Home Depot/Sedgwick CMS, 12 So. 3d 866, 868 (Fla. Dist. Ct. App. 2009). The settlement agreement provided that Ford and Hill had concomitant obligations. See Murphy v. Chitty, 739 So. 2d 697, 698 (Fla. Dist. Ct. App. 1999). Because Hill failed to relinquish his ownership interest in R.A.M., Ford was entitled to cease paying the promissory note. See Toyota Tsusho Am., Inc. v. Crittenden, 732 So. 2d 472, 477 (Fla. Dist. Ct. App. 1999) ("When a nonbreaching party to a contract is confronted with a breach by the other party, the nonbreaching party may stop performance, treating the breach as a discharge of its contractual liability.").

The denial of Hill's motion to enforce the settlement agreement and obtain a final judgment is **AFFIRMED**.