ROTHENBERG, J.
 

 The plaintiff, Reliance Wholesale, Inc. (“Reliance”), appeals from a non-final order denying its Renewed Motion for Temporary Injunction. We reverse and remand for entry of an order granting the motion.
 

 In 2008, Reliance filed suit against Samantha Godfrey (“Godfrey”), Anthony Minnuto (“Minnuto”), and Allied Medical Supply, Inc. (“Allied”), seeking temporary and permanent injunctive relief and damages, stemming from the alleged breach of two Non-Compete, Non-Solicitation, and
 
 *563
 
 Non-Disclosure Agreements allegedly executed by Godfrey in 2005 (“2005 Agreement”) and 2008 (“2008 Agreement”).
 
 [1]
 

 In early 2009, the trial court denied Reliance’s initial request for injunctive relief without prejudice to renew after conducting discovery. In August 2009, Reliance filed its Renewed Motion for Temporary Injunction.
 

 Following an evidentiary hearing on Reliance’s Renewed Motion for Temporary Injunction, the trial court entered an order making the following findings of fact. In 2005, when Godfrey started working for Reliance, a licensed distributor of hard-to-find pharmaceuticals, she executed the 2005 Agreement, which is “valid and binding.” While at Reliance, Godfrey was a senior staff member, attending tradeshows at Reliance’s expense, which allowed her to establish personal, business relationships with customers and potential customers. Further, Godfrey had an expense account to meet and entertain prospective customers.
 

 As part of its operations, Reliance purchased a computer database program which is available on the open market. However, as Reliance did business, it updated the database with information such as the name and e-mail addresses of the purchasing agent, and the product that was purchased. This information was used for future sales. The name and email addresses of the purchasing agent for each hospital or entity are readily available by contacting the hospital or entity. Although Godfrey did not keep sales records, she knew which customers were the most profitable.
 

 In early 2008, Reliance deducted $58,000 from Godfrey’s commissions because it believed that it had overpaid Godfrey two years earlier, and it also charged her $10,500 for “bad debts.” Based on a chart presented by Godfrey, Reliance was unjustified in taking Godfrey’s commissions and Reliance actually owed Godfrey money. Godfrey left Reliance after it instituted a new commission structure, substantially reducing Godfrey’s commissions.
 

 After the trial court entered its initial order denying injunctive relief, Godfrey went to work for Reliance’s competitor, Allied, whose principal is Minnuto. Allied, however, fired Godfrey on the same day that the hearing on the Renewed Motion for Temporary Injunction commenced— August 81, 2009.
 

 Based on these findings of fact, the trial court denied the Renewed Motion for Temporary Injunction, concluding that Reliance failed to carry its burden of establishing a substantial likelihood of success on the merits because its “unilateral recovery of commissions allegedly overpaid to [Godfrey] two years earlier, presents a viable and unrebutted defense to [Reliance’s] entitlement to enforcement of the non-compete agreement.” The trial court further concluded that Godfrey rebutted the presumption of irreparable injury; Reliance has an adequate remedy at law because the value of any business loss is ascertainable through discovery; and the value of any information that Godfrey and the other defendants have used subsequent to Godfrey leaving Reliance is limited and “minimal at best.” This appeal followed.
 

 Reliance contends that the trial court abused its discretion by denying its Renewed Motion for Temporary Injunction
 
 *564
 
 where it established the prerequisites for entry of a temporary injunction. We agree.
 
 See Carricarte v. Carricarte,
 
 961 So.2d 1019, 1020 (Fla. 3d DCA 2007) (quoting
 
 Jackson v. Echols,
 
 937 So.2d 1247, 1249 (Fla. 3d DCA 2006)) (“A trial court is afforded broad discretion in granting, denying, dissolving or modifying injunctions, and unless a clear abuse of discretion is demonstrated, an appellate court must not disturb the trial court’s decision.”).
 

 “A temporary injunction is an extraordinary and drastic remedy which should be sparingly granted.”
 
 Cordis Corp. v. Prooslin,
 
 482 So.2d 486, 489 (Fla. 3d DCA 1986). To grant a temporary injunction, the moving party must plead and establish:
 

 (1) a likelihood of irreparable harm and the unavailability of an adequate remedy at law; (2) a substantial likelihood of success on the merits; (3) that the threatened injury to the petitioner outweighs any possible harm to the respondent!;] and (4) that the granting of a temporary injunction will not disserve the public interest.
 

 Id.
 
 at 489-90 (footnote and citations omitted).
 

 We first address the trial court’s conclusion that Reliance failed to establish that it had a substantial likelihood of success on the merits. In doing so, we look to section 542.335(1), Florida Statutes (2009), which addresses the enforceability of a restrictive covenant and provides in relevant part as follows:
 

 (b) The person seeking enforcement of a restrictive covenant shall plead and prove the existence of one or more legitimate business interests justifying the restrictive covenant. The term “legitimate business interest” includes, but is not limited to:
 

 1.Trade secrets, as defined in s.688.002(4).
 

 2. Valuable confidential business or professional information that otherwise does not qualify as trade secrets.
 

 3. Substantial relationships with specific prospective or existing customers, patients, or clients.
 

 4. Customer, patient, or client goodwill associated with:
 

 a. An ongoing business or professional practice, by way of trade name, trademark, service mark, or “trade dress”;
 

 b. A specific geographic location; or
 

 c. A specific marketing or trade area.
 

 5. Extraordinary or specialized training.
 

 Any restrictive covenant not supported by a legitimate business interest is unlawful and is void and unenforceable.
 

 Here, the trial court’s-findings of fact reflect that Reliance established the existence of two “legitimate business interests.” First, Reliance’s database qualifies as “[v]aluable confidential business or professional information that otherwise does not qualify as trade secrets.” § 542.335(l)(b)2. Although the findings of fact reflect that information such as the name and e-mail address of each purchasing agent was readily available on the internet, information as to Reliance’s
 
 sale
 
 of each product, such as price and quantity, was not available to the general public. The trial court found that as Reliance did business, it updated its database with this information, this information was utilized for future sales, and Godfrey knew exactly which products were more profitable. Thus, the trial court’s conclusion that the value of this information was “minimal at best” is contradicted by the trial court’s findings of fact.
 

 
 *565
 
 Second, the trial court’s findings of fact also demonstrate that Reliance established the existence of a second “legitimate business interest” — “[sjubstantial relationships with specific prospective or existing customers.” § 542.335(1)(b)3. During her employment with Reliance, Godfrey, at Reliance’s expense, attended several tradeshows where she “would go to meet and greet customers and potential customers, so as to establish personal relationships for business purposes,” and Godfrey was also given an expense account to “meet and entertain potential customers.” Through these relationships established at Reliance’s expense, God-frey was able to take customers with her to Allied. As with many sales positions, regardless of the industry, forming relationships with prospective and existing customers is invaluable and often vital for success. Therefore, pursuant to section 542.335(1)(b), Reliance established that the restrictive covenant contained in the 2005 Agreement is enforceable.
 

 Next, we address the trial court’s conclusion that Godfrey presented a viable and unrebutted defense as to Reliance’s enforcement of the 2005 Agreement, and therefore, Reliance failed to establish that it had a substantial likelihood of success on the merits. The viable unrebutted defense relied on by the trial court is Godfrey’s claim that Reliance breached the 2005 Agreement prior to Godfrey’s breach of the non-compete clause by not paying earned commissions and by assessing a “charge back” based on an overpayment allegedly made to Godfrey in 2006. Although a prior breach by Reliance could be a defense to the enforcement of the non-compete provision in the 2005 Agreements, Reliance certainly did rebut this defense and the 2005 Agreement unambiguously disputes the “viability” of this defense.
 

 First, Reliance argued that when the overpayment and commission issues surfaced, the parties negotiated and settled their disagreements, and thus there could be no breach. The trial court did not make any factual findings regarding this evidence, but rather, incorrectly concluded that this defense was unrebutted. Second, and more importantly, Florida law limits this defense to “dependent covenants.”
 
 See Cordis,
 
 482 So.2d at 490 (holding that in the non-compete and trade-secret context, an employer’s prior breach of the employment contract is relevant when deciding whether to grant the employer a temporary injunction where the breach involves a dependent covenant);
 
 Capraro v. Lanier Bus. Prods., Inc.,
 
 445 So.2d 719, 721 (Fla. 4th DCA 1984). A plain reading of the non-compete clause of the 2005 Agreement demonstrates that they are independent, not dependent, covenants:
 

 The covenants set forth herein shall be construed as agreements independent of any other provision in any other agreement by, between, among, or affecting Reliance Medical Wholesale, Inc. and Employee, and the existence of any claim or cause of action of Employee against Reliance Medical Wholesale, Inc., whether predicated on this Agreement or otherwise, shall not constitute a defense to the enforcement of this Agreement.
 

 (emphasis added).
 

 We therefore hold that, as a matter of law, Godfrey’s asserted defense — that she is excused from performance of the non-compete provision of the 2005 Agreement based on Reliance’s prior breach — is not a valid or “viable” defense to the issuance of a temporary injunction in this ease. Thus, we hold that the trial court erred by concluding that Reliance failed to establish that it has a substantial likelihood of success on the merits.
 

 
 *566
 
 Next, we address the trial court’s conclusion that injunctive relief is not appropriate because Reliance has an adequate remedy at law and that Godfrey rebutted the presumption of irreparable injury created by section 542.335(1)(j).
 
 [2]
 
 In
 
 Miller Mechanical, Inc. v. Ruth,
 
 300 So.2d 11 (Fla.1974), and then again in
 
 Capraro,
 
 the Florida Supreme Court specifically recognized that although a trial court may award damages for a breach of an employee’s agreement not to compete, “the normal remedy is to grant an injunction. This is so because of the inherently difficult, although not impossible, task of determining just what damage actually is caused by the employee’s breach of the agreement.”
 
 Capraro,
 
 466 So.2d at 213 (quoting
 
 Miller,
 
 300 So.2d at 12 (citations omitted));
 
 see also Variable Annuity Life Ins. Co. v. Hausinger,
 
 927 So.2d 243, 245 (Fla. 2d DCA 2006) (quoting
 
 N. Am. Prods. Corp. v. Moore,
 
 196 F.Supp.2d 1217, 1230-31 (M.D.Fla.2002)) (holding that “[t]he focus of preliminary injunctive relief is on maintaining long standing relationships and preserving the goodwill of a company built up over the course of years of doing business .... Plaintiffs argument that there is no irreparable harm because Plaintiffs injuries, if any, are subject to a monetary judgment, is equally without merit and has been rejected by other courts, where, as here, there is a statutory presumption of irreparable harm.”);
 
 U.S. Floral Corp. v. Salazar,
 
 475 So.2d 1305, 1306 (Fla. 3d DCA 1985) (noting that entry of temporary injunction is “favored remedy” for violation of non-compete agreement).
 

 The trial court’s order does not directly address the third and fourth prerequisite for entry of a temporary injunction as set forth in
 
 Cordis.
 
 Its denial of the Renewed Motion for Temporary Injunction was based solely on the other prerequisites addressed in this opinion. Nonetheless, we find that the record before this Court demonstrates that Reliance also established the prerequisites not addressed in the trial court’s order. Finally, the remaining issue raised by Godfrey as to Reliance’s standing was not raised below, and therefore, was not properly before this Court.
 
 See Maynard v. Fla. Bd. of Educ. ex rel. Univ. of S. Fla.,
 
 998 So.2d 1201 (Fla. 2d DCA 2009) (holding that standing cannot be raised for the first time on appeal). Accordingly, we reverse the order under review and remand for entry of an order granting Reliance’s Renewed Motion for Temporary Injunction.
 

 Reversed and remanded.
 

 [1]
 

 . Godfrey acknowledged that she executed the 2005 Agreement, but argued below that she did not execute the 2008 Agreement. The trial court found that the "authenticity of the [2008 Agreement] is subject to question, and may well be [a] forger[y].” Reliance does not challenge this finding of fact and, therefore, relies solely on the 2005 Agreement.
 

 [2]
 

 . Section 542.335(1)(j) provides in part: “The violation of an enforceable restrictive covenant creates a presumption of irreparable injury to the person seeking enforcement of a restrictive covenant.”