NORTHCUTT, Judge.
Richland Towers, Inc., and Richland Towers, LLC, plaintiffs below, appeal a nonfinal order denying their request for a temporary injunction to enforce restrictive covenants in employment agreements with former employees David Denton and Dale West. Denton and West and their company, Tall Tower Ventures, LLC, cross-appeal the imposition of an injunction against their use of allegedly confidential business information. We reverse the denial of the temporary injunction, and this disposition renders the cross-appeal moot.
The parties are engaged in the “tall tower” business, involving towers used by radio and television broadcasters to relay signals, similar to the way cell phone towers are used in the wireless communication industry. The plaintiffs below are part of a group of affiliated, closely held corporations that own, lease, or operate such towers in the United States. Rich-land Towers, Inc., provided management services and support for these entities until late 2008, and Richland Towers, LLC, has performed those functions thereafter. Denton and West were key management employees beginning in 2000. This case concerns the parties’ rights and obligations under employment agreements that were effective from January 1, 2008, *320 until their expiration on December 31, 2011.
West entered into an agreement to serve as senior vice president and chief operating officer on behalf of Richland Towers, Inc., “and all entities comprising the Corporation” as that term was defined in the Second Amended and Restated Stock Appreciation Rights and Bonus Plan Agreement.[1] Denton entered into a similar contract to serve as senior vice president of sales and marketing. Although the two employment agreements at issue differed in ways primarily related to compensation and bonuses, the provisions involved in this litigation were the same in both contracts.
Section 10 of the agreements set forth restrictive covenants. These precluded the employees from engaging in a competing business during their employment and for a period thereafter. They prohibited the employees from hiring or attempting to hire employees or independent contractors of the employer, and they prohibited the solicitation of the employers’ clients, suppliers, and tenants, etc. The restrictive covenants also imposed confidentiality and nondisclosure duties regarding proprietary information obtained during the employment.
Prior to the expiration of the agreements at the end of 2011, Denton and West made plans to establish a competing business. They resigned in January 2012 and established Tall Towers Ventures, LLC. The Richland Towers entities filed suit thereafter. In their amended complaint, Richland Towers, Inc., and Richland Towers, LLC, alleged eight claims for breach of the employment agreements, misappropriation of trade secrets, and the like. Denton and West answered, raised numerous affirmative defenses, and filed twelve counterclaims alleging breach of contract, seeking an accounting, and alleging fraud in the inducement.
This appeal concerns an order that granted in part and denied in part Rich-land Towers’ request for a temporary injunction to enforce the restrictive covenants in the employment agreements. Denton and West contended that the agreements were unenforceable for various reasons, including that Richland Towers, Inc., ceased active operation in late 2008 and that Denton and West were not fully paid as required by the agreements.
In its order, the circuit court recited the requirements for a temporary injunction: the threat of irreparable harm to the mov-ant for which there would be no adequate legal remedy, the movant’s substantial likelihood of success on the merits, and a determination that granting the injunction would serve the public interest. See Atomic Tattoos, LLC v. Morgan, 45 So.3d 63, 64-65 (Fla. 2d DCA 2010). The court observed that the only element in controversy was whether Richland Towers had demonstrated a substantial likelihood of success on the merits.
The circuit court analyzed two issues regarding Richland Towers’ likelihood of success. First, it considered whether, as contended by Denton and West, the cessation of business by Richland Towers, Inc., in late 2008 rendered the restrictive covenants unenforceable. The court concluded that it did not, and we agree. When ruling on a claim to enforce a restrictive covenant in an employment contract, a court may consider a defense that *321 the employer no longer continues in the same business if the discontinuation was not caused by a violation of the restriction. § 542.335(1)(g)(2), Fla. Stat. (2007). But the court may not refuse enforcement sought by a third-party beneficiary who is expressly identified in the contract as one entitled to enforce the restrictive covenants. § 542.335(1)(f). Here, paragraph 10(Z) of the employment agreements expressly provided that the “Corporation (and each of the Affiliates comprising the Corporation) shall be deemed to be third party beneficiaries under this Agreement with the right to seek enforcement hereof and make claims hereunder, including but not limited to claims arising under this Section 10.” Thus, the cessation of business by Richland Towers, Inc., did not affect the covenants’ enforceability by the affiliates, including Richland Towers, LLC.
On the second issue, the circuit court found that certain bonuses had not been paid as required under the agreements. The court accepted Denton and West’s argument that this constituted a prior breach that rendered the agreements, and thus the restrictive covenants, unenforceable. See Bradley v. Health Coal., Inc., 687 So.2d 329 (Fla. 3d DCA 1997) (reversing temporary injunction and remanding for consideration of former employee’s affirmative defense of prior breach, which pertained to employer’s burden of showing likelihood of success on the merits of the affirmative defenses as well as its prima facie case).
To reach this conclusion, the circuit court necessarily had to determine that the parties’ obligations under the contracts were dependent covenants. When a dependent covenant has been breached, the entire contract is virtually destroyed. See Steak House, Inc. v. Barnett, 65 So.2d 736, 738 (Fla.1953) (stating that breach of a dependent covenant “must be considered as destroying the entire contract”); see also Cordis Corp. v. Prooslin, 482 So.2d 486, 490 (Fla. 3d DCA 1986) (“In the non-competition and trade-secret context, an employer’s breach of the employment contract is a relevant factor in determining whether the employer is entitled to a temporary injunction, at least where the breach involves a dependent covenant.” (citations omitted)), declined to follow on other grounds by Sarasota Beverage Co. v. Johnson, 551 So.2d 503 (Fla. 2d DCA 1989).
Whether the payment obligations under the employment agreements were dependent or independent covenants is an issue of law that turns on the proper interpretation of the contracts; thus, we review this issue de novo. See Morgan v. Herff Jones, Inc., 883 So.2d 309, 313 (Fla. 2d DCA 2004). We must, whenever possible, construe the agreement according to its plain language and consider the provisions at issue in the context of the entire agreement in order to achieve “a reasonable construction to accomplish the intent and purpose of the parties.” Hand v. Grow Constr., Inc., 983 So.2d 684, 686-87 (Fla. 1st DCA 2008) (quoting James v. Gulf Life Ins. Co., 66 So.2d 62, 62 (Fla.1953)).
The general rule that covenants are considered dependent will be trumped by a contrary intention expressed in an agreement. See id. And in these agreements there was an explicit expression of a contrary intention. In paragraph 10(e), the agreements provided as follows:
Covenants Independent. Each restrictive covenant on the part of the Employee set forth in this Agreement shall be construed as a covenant independent of any other covenant or provisions of this Agreement or any other agreement which the Corporation and the Employee may have, fully performed and not *322 executory, and the existence of any claim or cause of action by the Employee against the Corporation, whether predicated upon another covenant or provision of the Agreement or otherwise, shall not constitute a defense to the enforcement by the Corporation of any other covenant.
Although the circuit court acknowledged the existence of this provision, it disregarded its import. Instead, the court relied on a provision at the beginning of the agreements. Following two initial whereas clauses, the agreements stated: “NOW, THEREFORE, in consideration of the covenants and agreements herein contained and the moneys to be paid hereunder, the Employer hereby employs the Employee and the Employee hereby agrees to perform services as an employee of the Employer, upon the following terms and conditions[.]” The court concluded that the fundamental nature of the employment agreements was that the employer agreed to pay the employees. But that can be said of every employment relationship. Under the circuit court’s reasoning, no employment agreement could ever provide that its covenants were independent, a proposition that is not supported in the law. Here, the plain language of the agreements negotiated by the parties compels our conclusion that the parties unambiguously intended that the covenants were independent.
This determination is supported by a comparison of two cases in point. In Murphy v. Chitty, 739 So.2d 697 (Fla. 5th DCA 1999), the appellate court reversed a temporary injunction, concluding that a non-compete agreement was dependent on, not independent of, other agreements executed in conjunction with the sale of a business. The court explained:
The intent of the parties — as evidenced by the interrelated documents executed at the closing and the admissions of the parties at the injunction hearing — was that the agreements were dependent upon each other.... [One] contract ... specifies that Chitty cannot enforce the non-compete provision if he defaults under other terms of the agreement.
Id. at 698-99.
In contrast, in Reliance Wholesale, Inc. v. Godfrey, 51 So.3d 561, 565 (Fla. 3d DCA 2010), the Third District reversed an order that denied the former employer’s motion for a temporary injunction to enforce a non-compete agreement because it had not paid all the commissions due to the former employee. The court held that, the payment dispute notwithstanding, the former employer was entitled to enforce the non-compete provision because it was an independent covenant according to the plain language of the non-compete clause, which provided:
The covenants set forth herein shall be construed as agreements independent of any other provision in any other agreement by, between, among, or affecting Reliance Medical Wholesale, Inc. and Employee, and the existence of any claim or cause of action of Employee against Reliance Medical Wholesale, Inc., whether predicated on this Agreement or otherwise, shall not constitute a defense to the enforcement of this Agreement.
Id. at 565 (emphasis omitted). Like Reliance Wholesale, and unlike Murphy, the agreements here expressly provided that their covenants were independent and that claims by the employees were not a defense to the employers’ enforcement of the contractual provisions. In the cases cited by Denton and West, there was no discussion of dependent or independent covenants, nor was there any indication that the contracts contained provisions declar- *323 mg the covenants to be one or the other. See, e.g., N. Trust Invs., N.A. v. Domino, 896 So.2d 880 (Fla. 4th DCA 2005); Benemerito & Flores, M.D.’s, P.A. v. Roche, 751 So.2d 91 (Fla. 4th DCA 1999); Bradley, 687 So.2d 329.
We are not persuaded by Denton and West’s parsing of the clause at issue. They argue that the language in paragraph 10(e) should be construed in a manner that would make the restrictive covenants independent only of other conditions that had been “fully performed and not executory.” The first half of paragraph 10(e) states: “Each restrictive covenant on the part of the Employee set forth in this Agreement shall be construed as a covenant independent of any other covenant or provision of this Agreement or any other agreement which the Corporation and the Employee may have, fully performed and not executory ....” Denton and West rely on a grammatical rule known as the doctrine of last antecedent to reach their interpretation.
Under this doctrine, “relative and qualifying words, phrases and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to, or including, others more remote.” Penzer v. Transp. Ins. Co., 29 So.3d 1000, 1007 (Fla.2010) (quoting Kasischke v. State, 991 So.2d 803, 811 (Fla.2008) (citation and internal quotation marks omitted)). But this doctrine “is not an absolute rule” and “cannot be applied in a way that ignores the plain reading of the language.” Id. at 1007 (citations omitted). The interpretation urged by Denton and West would have the effect of ignoring the plain language of the second half of paragraph 10(e), which states that “the existence of any claim or cause of action by the Employee against the Corporation, whether predicated upon another covenant or provision of the Agreement or otherwise, shall not constitute a defense to the enforcement by the Corporation of any other covenant.”
We reverse the denial of Richland Tower’s request for a temporary injunction and remand for further proceedings. If the court again enters a temporary injunction, its order must contain specific findings of the elements necessary for injunc-tive relief, and it must provide for a bond. See Bellach v. Huggs of Naples, Inc., 704 So.2d 679, 680 (Fla. 2d DCA 1997). Because this result renders the confidentiality provision enforceable, the issue on cross-appeal is moot.
Reversed and remanded with instructions.
ALTENBERND and BLACK, JJ., Concur.

. Corporation was defined as Richland Towers, LLC, (RTLLC) “and all Affiliates of RTLLC which are engaged in the business of acquiring, developing, maintaining, operating, leasing and/or selling broadcast facilities and/or broadcast stations, and providing related services, viewed on an aggregate basis.”