NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

THE RETREAT AT PORT OF THE                )
ISLANDS, LLC, a Florida limited liability   )
company; GARY LOCKE, RANDY               )
KARES; and CURT BRENNER,                  )
                                                       )
        Appellants,                                 )
                                                       )
v.                                                      )       Case No. 2D14-5507
                                                       )
PORT OF THE ISLANDS RESORT               )
HOTEL CONDOMINIUM                          )
ASSOCIATION, INC., a Florida               )
for-profit corporation; SCOTT HUNT;        )
and YOLANDA DEBARTOLO,                    )
                                                       )
        Appellees.                                   )
_____)

Opinion filed November 6, 2015.

Appeal from the Circuit Court for Collier
County; Cynthia A. Pivacek, Judge.

Mark A. Ebelini of Knott, Ebelini, Hart, Fort
Myers, for Appellants.

Alfred F. Gal, Jr., and Stephen E. Samouce
of Samouce & Gal, P.A., Naples, for
Appellees.

BADALAMENTI, Judge.

The Retreat at Port of the Islands, LLC ("Retreat"), appeals a final order granting summary judgment in favor of Port of the Islands Resort Hotel Condominium Association, Inc. ("the Association") regarding the proper construction of a provision of the Association's bylaws entitled "Qualifications." The circuit court interpreted the provision to limit Retreat's representation on the board to only one of its managing members, regardless of the number of condominium units Retreat owns. After de novo review and the benefit of oral argument, we reverse and hold that the plain and unambiguous language of this section of the bylaws specifies a class, not the number, of those qualified to represent Retreat on the Association's board of directors.

The Association is a hotel condominium located in Collier County, consisting of ninety-four condominium units. Retreat is a limited liability company. Retreat owns thirty-eight of the ninety-four units and operates its units as a resort hotel. On March 8, 2014, the Association held an election for three of the five seats on its board of directors. Among the eligible candidates were appellants Gary Locke, Randy Kares, and Kurt Brenner, all three of whom were managing members of Retreat. Locke, Kares, and Brenner received the top three vote totals in the election but were told by the Association that only one of them could serve as a member of the board. The Association's justification for such a rule came from section 4.2 of its bylaws, which reads:

> 4.2 Qualifications. Each Director must be a unit owner or the spouse of the owner. If a unit is owned by a corporation, only a Director of the corporation is qualified to be a Director. <u>If a unit is owned by a limited liability company, only a managing member may be a Director</u>. If a unit is owned by a partnership, only a general partner is

qualified to be a Director. If a unit is owned by a trust, only a trustee is qualified to be a Director. Co-owners of a unit may not serve as members of the Board at the same time unless they own more than one unit or unless there are not enough eligible candidates to fill the vacancies on the Board at the time of vacancy.

(Emphasis added.) If all three of Retreat's candidates had been seated on the Association's board of directors, appellees Scott Hunt and Yolanda DeBartolo would have been removed as sitting board members.

Retreat sought declaratory relief as to its rights under the Association's bylaws. The trial court granted summary judgment in favor of the Association, reasoning that because Retreat is the sole owner of all its condominium units, it is not entitled to any more representation on the board than an individual person who owns multiple units. We believe that a plain reading of section 4.2 necessitates a different outcome.

We review an order granting summary judgment de novo. Cook v. Bay Area Renaissance Festival of Largo, Inc., 164 So. 3d 120, 122 (Fla. 2d DCA 2015). Moreover, organizational bylaws are treated as contracts, and we review construction of those bylaws de novo. See Berkovich v. Casa Paradiso N., Inc., 125 So. 3d 938, 941 (Fla. 4th DCA 2013) (construing condominium bylaws regarding quorum de novo); see also Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 131 (Fla. 2000) (explaining that, typically, the construction of any written instrument is a question of law).

"Generally, a trial court should rely on the plain meaning of a contractual document when its language is clear and unambiguous." McKeever v. Rushing, 41 So. 3d 920, 923 (Fla. 2d DCA 2010). Contractual provisions are construed in the context of

the entire agreement.  See Richland Towers, Inc. v. Denton, 139 So. 3d 318, 321 (Fla. 2d DCA 2014).  Courts must strive to read a contract in a way that gives effect to all of the contract's provisions.  See City of Homestead v. Johnson, 760 So. 2d 80, 84 (Fla. 2000); Bethany Trace Owners' Ass'n v. Whispering Lakes I, LLC, 155 So. 3d 1188, 1191 (Fla. 2d DCA 2014).

The Association argues that the word "a," as used in section 4.2's clause, "only a managing member may be a Director," means that only one managing member of an LLC may serve as a director at any given time.  (Emphasis added.)  Although "a" can indicate a singular noun, it is not being used in section 4.2 for that purpose.  It is instead being used to identify a class from an LLC qualified to serve on the board; that is, only managing members of an LLC are qualified to serve on the board.

Linguistically, "a" refers to "any or each" of a type when used with a subsequent restrictive modifier.  Webster's Third New Int'l Dictionary 1 (2d ed. 1986); see also United States v. Alabama, 778 F.3d 926, 932 (11th Cir. 2015) ("In common terms, when 'a' or 'an' is followed by a restrictive clause or modifier, this typically signals that the article is being used as a synonym for either 'any' or 'one.' ").  A restrictive modifier is essentially any word in a noun phrase that serves to restrict the meaning of the noun.  See William Frawley, Linguistic Semantics 79 (2013).  An example provided by Webster's is "a man who is sick can't work well."  Webster's Third New Int'l Dictionary, supra, 1.  The restrictive modifier in that sentence is "who is sick" because it restricts the class of men to only those men who are sick.  Consequently, "a man" does not refer to one single man but generally to men who are sick.

Here, the relevant portion of section 4.2 reads: "If a unit is owned by a limited liability company, only a managing member may be a Director." The plainest, linguistic reading of the second clause of this sentence is with the restrictive modifier from the preceding phrase. In other words, the sentence can be read: "If a unit is owned by a limited liability company, only a managing member [of the limited liability company] may be a Director." The restrictive modifier is "of the limited liability company," because it restricts the class of managing directors to only those of the LLC. Consequently, "a managing member" does not refer to one single managing member but rather all managing members of the LLC. We thus construe "a" to indicate a restriction on the class of individuals from an LLC qualified to serve on the board of directors, not the number of those otherwise qualified individuals to serve on the board. See McKeever, 41 So. 3d at 923. Section 4.2 therefore sets forth a constraint on the class of individuals qualified to represent an LLC on the Association's board of directors, i.e., managing members of an LLC.

There are also textual and contextual indicators within section 4.2 to support our interpretation. The first sentence of section 4.2 delineates the threshold qualification for someone to serve on the board: "Each Director must be a unit owner." The first sentence further specifies that "the spouse of the owner" may also serve on the board. Section 4.2's next four sentences set forth the class of individuals qualified to represent their respective legal entity on the board. Only a "Director" of a corporation is "qualified" to represent a corporation on the board. Only a "general partner" is "qualified" to represent a partnership on the board. Only a "trustee" is "qualified" to

represent a trust on the board. And, germane to Retreat here, only a "managing member" of a limited liability company "may be a Director" on the board.

The common thread of the qualification of an individual seeking to represent a legal entity enumerated in section 4.2 is that the individual belongs to a particular class with a heightened responsibility to represent the legal entity's best interests. Directors of corporations, trustees, general partners, and managing members belong to a class of individuals who have skin in the game to represent their legal entities with their respective legal entity's best ownership interests in mind. Section 4.2 likewise specifies "the spouse of a unit owner," who presumably has a heightened responsibility to represent the other spouse's unit ownership interests, may also serve on the board.

Reading section 4.2 as a whole, it is clear that it addresses the class of individuals qualified to represent a unit owner's interests on the board. See Richland Towers, Inc., 139 So. 3d at 321; McKeever, 41 So. 3d at 923. Contrary to the Association's contention, section 4.2 is devoid of language limiting the number of Retreat's managing members who may serve as directors on the board. As such, we decline the Association's invitation to read numerical restrictions into a bylaw containing no such limit.

We reject the Association's argument that limiting section 4.2 to merely those who are qualified to serve as a director on the board affords Retreat any more rights than individual owners. Under section 4.2 of the bylaws, co-owners of "a unit" may serve on the board if they "own more than one unit." The bylaws thus allow co-owners to occupy multiple seats on the board of directors if a co-owner owns more than

one unit.  Stated differently, the bylaws contemplate that owners of multiple units may occupy multiple seats on the board.

We are also unpersuaded by the Association's argument that Retreat's interpretation would lead to absurd results.  Retreat owns more than forty percent of the condominium units.  We see nothing absurd about an entity that owns thirty-eight units of a ninety-four-unit condominium receiving more than one seat on a five-person board of directors.

Based on our plain reading of section 4.2 of the Association's bylaws in the context of the bylaws as a whole, we reverse the final order granting summary judgment and remand for further proceedings.

Reversed; remanded for proceedings consistent with this opinion.

NORTHCUTT and KHOUZAM, JJ., Concur.