# Third District Court of Appeal

## State of Florida

Opinion filed January 28, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1253
Lower Tribunal No. 24-4747-CA-01
_____

**Robert Van Fossan**,
Appellant,

vs.

**Safe Harbor Management and Advisory, LLC**,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Tanya Brinkley, Judge.

GS2 Law PLLC, and Yanina Zilberman and Robert Garson, for appellant.

Leto Law Firm, and Matthew P. Leto and Charles P. Gourlis, for appellee.

Before EMAS, GORDO and LOBREE, JJ.

EMAS, J.

The trial court action arises out of a non-compete and confidentiality agreement between Robert Van Fossan (the former employee) and Safe Harbor Management & Advisory, LLC (Fossan's former employer).

In 2024, Safe Harbor sued Fossan (and Fossan's new company) for injunctive relief and damages alleging Fossan was unlawfully competing against Safe Harbor in violation of the non-compete agreement. Safe Harbor also sought an emergency injunction to enjoin Fossan from competing with Safe Harbor. Fossan opposed the motion, filing a written response and a declaration in opposition. Following a two-day evidentiary hearing, the trial court entered a non-final order granting Safe Harbor's emergency motion for temporary injunction against Fossan.

Fossan appealed this initial injunction. While the appeal was pending, we granted Fossan's motion to relinquish jurisdiction to allow the trial court to adjudicate, and render an order disposing of, Fossan's motion to dissolve/modify the injunction. After an evidentiary hearing, the trial court rendered an order modifying the initial injunction order, but otherwise denying the motion to dissolve the injunction. Following rendition of the trial court's order, this court directed supplemental briefing by the parties to address any new issues raised by the September 26, 2025, order modifying the injunction.

In his amended notice of appeal, Fossan seeks review of three trial court orders: the initial order granting Safe Harbor's motion for an emergency injunction; an order denying Fossan's motion for rehearing of the initial injunction order; and an order granting in part and denying in part Fossan's motion to dissolve or modify the initial injunction order.

As this court has long recognized:

> In order to be entitled to a temporary injunction, the moving party must plead and establish: (1) a likelihood of irreparable harm and the unavailability of an adequate remedy at law; (2) a substantial likelihood of success on the merits; (3) that the threatened injury to the movant outweighs any possible harm to the non-movant; and, (4) that the granting of a temporary injunction will not disserve the public interest.

Credo LLC v. Speyside Invs. Corp., 259 So. 3d 893, 898 (Fla. 3d DCA 2018) (citing Reliance Wholesale, Inc. v. Godfrey, 51 So. 3d 561, 564 (Fla. 3d DCA 2010) and Cordis Corp. v. Prooslin, 482 So. 2d 486 (Fla. 3d DCA 1986)).

"A trial court is afforded broad discretion in granting, denying, dissolving, or modifying injunctions, and unless a clear abuse of discretion is demonstrated, an appellate court must not disturb the trial court's decision." Credo, 359 So. 3d at 897. Upon our review, we conclude the trial court did not abuse its discretion, its order describes in reasonable detail the acts restrained, it made credibility determinations based on the testimony and other evidence presented, and its findings are supported by competent

3

substantial evidence. Based on the trial court's determination that Fossan breached the non-compete agreement with respect to at least two specific clients, and such a determination is supported by the evidence presented, irreparable harm is presumed. Quirch Foods LLC v. Broce, 314 So. 3d 327, 342 (Fla. 3d DCA 2020) ("Where a covenant not to compete is violated, irreparable injury is presumed and does not have to be proven to obtain an injunction.") (quotation omitted); see also id., 314 So. 3d at 342-43 ("The individual defendants' continued breach of the restrictive covenants in the Agreements would continue to damage Quirch's goodwill and relationships with its customers/suppliers/vendors, etc. Only an injunction would prevent this damage.").

Affirmed.